JUDGE HARDIN
delivered the opinion of the court.
On the 23d day of February, 1866, Jeremiah Ingram and his wife conveyed to their daughter, Tabitha C. Dohoney, wife of N. B. Dohoney, a tract of land containing one hundred and ninety-five acres, in consideration only of “natural love and affection” for her. And on the 30th of January, 1867, they conveyed to J. D. Caldwell two tracts of land- — one -containing one hundred and sixty-four acres, and the other about thirty acres — for the expressed consideration of five hundred dollars paid, and the covenant of Caldwell to maintain the grantors, who were of advanced age, during their lives — this undertaking being estimated as equivalent to the payment of two thousand five hundred dollars; so that the consideration of the land was nominally three thousand dollars. But it appears that that sum was greatly in excess of the real value of the land; and on the 8th day of February, 1867, the appellee, G. W. Dohoney, brought this action against said N. B. Do-honey and Jeremiah Ingram on their promissory note to him for three thousand six hundred dollars, dated February 10, 1866, attaching the property of Ingram, and attacking the deeds to Mrs. Dohoney and Caldwell, who were made parties, as voluntary and fraudulent, and seeking to subject the lands *219 thereby conveyed, or their value, to the satisfaction of the plaintiff’s debt.
The defendants answered severally. N. B. Dohoney claiming a deduction from the amount of the note for an alleged excess resulting from fraud or mistake in the execution of the note, and for usury affecting the consideration for which it was given, and he and his wife controverting the averments of fraud in the execution of the deed to her, but admitting its voluntary character; Ingram pleaded as a defense that the contract expressed by the note was made on the Sabbath day, and was illegal and void; and Caldwell denied that the conveyance to him was voluntary or fraudulent, and claimed the right to discharge the deferred consideration according to the specific stipulations of the contract; and that, in any event, the court should protect his legal and equitable rights under the contract.
On the final trial the court, as we think, properly adjudged that the plaintiff recover the amount of the note against N. B. Dohoney and Ingram, and sustained the grounds of the attachment, and provided for the application to the plaintiff’s debt of the attached funds and effects other than the lands or their value in the hands of Caldwell and Mrs. Dohoney; and then the court further adjudged as follows: “ If these several pieces of property do not bring money sufficient to pay off the balance of the plaintiff’s judgment, the defendant, J. D. Caldwell, is adjudged to pay to George W. Pickett, the sheriff of this county, twenty-five hundred dollars, being the amount of the balance of the purchase-money for the tract of land conveyed by defendant Ingram to defendant Caldwell on the 30th day of January, 1867, or sufficient thereof to pay off plaintiff’s judgment; then the tract of land conveyed by the defendant Ingram to Tabitha C. Dohoney is adjudged to be sold, or sufficient thereof to pay off the balance of plaintiff’s judgment.”
*220 Under that judgment, which was rendered in November, 1867, various sums, amounting to $2,196.40, were raised and applied to the payment of the debt, leaving a balance due to the plaintiff of $1,880.50. And Caldwell having refused to make any payment under the judgment, the court, in May, 1868, laid a rule upon him to show why he had so refused to comply with the judgment; and, upon further litigation arising on this rule, the court afterward adjudged a sale of the land conveyed to Caldwell to satisfy said balance of $1,880.50; and only about thirteen hundred dollars being thus realized, a further judgment was rendered, subjecting the land conveyed to Mrs. Dohoney to sale, to satisfy the balance of the judgment of the plaintiff and costs, including an allowance to the attorneys of N. B. Dohoney and wife.
Upon the appeal of N. B. Dohoney and wife and Ingram, and the cross-appeal of Caldwell, said several judgments and orders of the circuit court are now before this court for revision.
The questions presented upon the appeal of Dohoney and wife and the cross-appeal of Caldwell have such a connection that they may be appropriately considered together. It is insisted for Dohoney and wife that the judgment of November, 1867, was, if enforced, sufficient to satisfy the debt, and being final in its nature, could not for any reason appearing in the cause be vacated or modified in the same -court at a subsequent term; and the orders of sale were inconsistent with it and erroneous. But conceding the judgment of November, 1867, to have been final and beyond the revisory power of the court, it was simply disx’egarded, not vacated, by the subsequent judgment of May, 1868; and if it was erroneous, and should now be reversed on the cross-appeal of Caldwell, the substantial rights of the parties could not have been prejudiced by the failure of the court to enforce it. But in two aspects we regard that judgment as radically erroneous; first, it involves an *221 essential modification of the contract, requiring the immediate payment of twenty-five hundred dollars, instead of the maintenance of Ingram and wife during their lives. In no event could this have been done except as compensation in damages for a breach of the contract by Caldwell, which neither the pleadings nor proof authorized; second, while the conveyance, if not strictly voluntary, was constructively fraudulent as to the rights of Ingram’s creditors, it did not involve such turpitude on the part of Caldwell as to forfeit his right to restitution of the five hundred dollars^ which (as between him and the creditors at least) sufficiently appear to have been paid, or the balance due him as on a rescission of the contract upon equitable principles; and for such balance, if any should be found, he was entitled to a prior lien on the land.
As to the matter of defense separately set up by Ingram, although it was proved that the note, which had been previously prepared, was signed by Ingram on a Sunday while it was in the hands of his co-obliger, N. B. Dohoney, there is no evidence that it was delivered on that day, or that G. W. Dohoney participated in any violation of the statute prohibiting labor and business, except of certain kinds, on the Sabbath day; and according to the case of Ray, &c. v. Catlett & Buck, 12 B. Monroe, 532, and other decisions under our own and similar statutes of other states on the subject, the illegal acts of the obligors in the note did not affect its validity in the hands of the obligee, who did not himself violate the law.
Wherefore, on the appeal of N. B. Dohoney and wife and Ingram, the judgment is affirmed; but on the cross-appeal of Caldwell the judgments of November, 1867, and May, 1868, are reversed, and the cause remanded for further proceedings not inconsistent with this opinion; and as the pleadings do not seem, as between N. B. Dohoney and wife and Caldwell, to sufficiently litigate the right of the latter to said sum of five hundred dollars as paid, and his liability to certain charges *222 as set off against it for tbeir relief, further pleadings and preparations as between those parties will be allowed on the return of the cause.