## J. D. CALDWELL *v.* G. W. DOHNEY.

**Fraudulent Conveyances—Restitution of Purchase Money.**

A person who purchased land of an insolvent was held not to be guilty of such turpitude as to destroy his right to restitution of the money paid by him.

APPEAL FROM ADAIR CIRCUIT COURT.

September 4, 1873.

OPINION BY JUDGE HARDIN:

In the former opinion of this court in this case (7 Bush 217) it was held in substance that while the conveyance from Ingram to to the rights of Ingram's creditors; it did not involve such turpitude on the part of Caldwell as to forfeit his right to restitution of the $500, which as between him and the creditors at least, sufficiently appear to have been paid; or the balance due him as on a rescission of the contract upon equitable principles and for such balance, if any should be found, he was entitled to a prior lien on the land.

The fact is not controverted that the appellee received the entire proceeds of the land conveyed to Caldwell, which was sold to enforce the attachment lien. The litigation authorized by the mandatory order of this court between the appellant and N. B. Dohney and wife did not affect the appellant's right to the $500 from the party who received it; and the appellant was entitled to judgment for it on his rule against the appellee, unless his right

to all or part of it was discharged by unequitable adjustment of accounts between him and Ingram, which does not appear.

It results that the court erred in refusing to the appellant the relief sought by him for restitution and in discharging the rule.

Wherefore the judgment appealed from is reversed and the cause remanded with instructions to render a judgment in conformity to this opinion.

*James, for appellant.*

*Garnett, Baker, for appellee.*