### THOMAS MARTIN, ET AL., *v.* G. B. TAYLOR'S ADM'R.

**Execution of Note on Sunday—Statute.**
> The law will not enforce a contract made in violation of its mandate.

**Statute—Defense.**
> Under a statute providing that "No work or labor should be done on the Sabbath day unless the ordinary household offices of daily necessity, or other work of necessity, or charity," held that no recovery can be had on a promissory note which is signed and delivered by the obligors on Sunday and that fact was known to the obligee when he accepted it on Sunday.

### APPEAL FROM ANDERSON CIRCUIT COURT.

December 9, 1875.

OPINION BY JUDGE COFER:

This was a suit on a note executed by the appellants to the appellee's intestate. The appellants answered, "that said note was made, executed, delivered and accepted on the 28th of May, 1871, which was the Christian Sabbath, and that its making, delivery and acceptance on said Sabbath day, was so known to have occurred and been done on said day by said G. B. Taylor." They aver that neither said G. B. Taylor nor either of these defendants were members of any religious society or church or order that observed any other day of the week than Sunday or the Christian Sabbath as a day of worship and rest.

To this answer a demurrer was sustained, and the only question for decision is whether that ruling was right. In *Ray, et al., v. Catlett & Buck,* 12 B. Mon. 532, the question whether a contract made on Sunday was enforcible or not came first before this court. That case arose under the act of 1801, Stat. Laws 1275, which provided that if any person, on the Sabbath day, should himself be found at his own or any other trade or calling, or should employ his apprentices, servants or slaves in labor or other business, whether for profit or amusement, except the ordinary household offices of daily necessity, or other work of necessity or charity, he should be deemed guilty of a public offense. In construing that statute in the case supra, the court said: "We are not prepared to decide that the mere execution and delivery of a note, or its mere acceptance, on Sunday, is laboring in any trade or calling, unless it be a part of some other transaction done also on Sunday, which may be regarded as labor in some trade or calling. And if the mere execution and delivery of a note could be deemed such labor, we are satisfied that its mere acceptance could not, and the person accepting it would not be involved in any consequence of a breach of the law by the other, unless he knew that the note had been made, as well as delivered on Sunday."

As it did not appear that the obligee knew when he accepted the note that it had been made on Sunday, it was held that it was not void. The phraseology of the Revised Statutes, in force when the note in contest was executed, differs somewhat from that of the act of 1801. The latter statute provided that "No work or labor

should be done on the Sabbath day, unless the ordinary household offices of daily necessity, or other work of necessity, or charity." 1 Rev. Stat. 400. Under the Revised Statutes, whatever could be denominated "work or business" was prohibited on the Sabbath day, unless it was the ordinary household offices of daily necessity, or other work of necessity or charity.

It was accordingly held that swapping horses on Sunday was within the statute, although it did not appear that such transactions were of the trade or calling of either of the parties. *Murphy v. Simpson,* 14 B. Mon. 420. In *Dohoney, et al., v. Dohoney,* 7 Bush 217, it appeared that the note was signed on a Sunday by one of the obligors while it was in the hands of a co-obligor; but it did not appear when it was delivered to the obligee, or that he had any knowledge that it had been signed on Sunday, or had participated in any violation of the statute; and it was held that, according to the decision in *Ray, et al., v. Catlett & Buck,* and other decisions under our own, and similar statutes in other states, on the subject, the allegal acts of the obligors in the note did not affect its validity in the hands of the obligee, who did not himself violate the law.

It will be observed that in *Ray, et al., v. Catlett & Buck,* it is intimated that the execution and delivery of a note on Sunday was a breach of the law; and in *Dohoney v. Dohoney,* the act of signing a note on that day is called an illegal act. As it did not appear that the obligee knew of that illegal act or participated in it, it was held that he did not himself violate the law, thus plainly intimating that if he had participated in the execution of the note on Sunday, he would have violated the law, and the note would, as a consequence, have been void.

The statute declared that no work or business should be done on Sunday, and it is impossible to say that when one person has written and signed a note, and another has accepted and held it as evidence of an indebtedness, that they have done no work or business on that day. If they have done either, the statute has been violated. Something has been done which the law forbids, and for the doing of which a penalty is denounced, and it is a familiar principle that the law will not enforce a contract made in violation of its mandate.

It having been averred that the note sued on was signed and delivered by the obligors on Sunday, and that this fact was known to the obligee when he accepted it, and that he not only thus participated in the illegal act of the obligors, but himself violated the

36

statute by accepting on Sunday a note he knew was made on that day, the answer presented a defense to the action, and the court erred in sustaining the appellee's demurrer. The judgment is *reversed* and the cause is remanded with directions to overrule the demurrer, and for further proceedings.

*Thomas C. Bell, for appellant.   D. W. Lindsey, for appellee.*