JAMES B. MITCHELL *v.* DAVID SHUCKS'S EX'RS.

**Promissory Note—Consideration.**

> The surrender of a valid note to the maker is a sufficient consideration for the execution of a new note.

**Note Signed on Sunday Not Invalid.**

> A note signed on Sunday is not invalid for that reason, and where it is signed on Sunday and delivered on the Wednesday following, it cannot be avoided on the ground of having been signed on Sunday. It is the delivery and acceptance that completed its execution.

APPEAL FROM WASHINGTON CIRCUIT COURT.

May 29, 1877.

OPINION BY JUDGE ELLIOTT:

In February, 1875, the appellees, as executors of David Shucks, deceased, had a sale of the personal property belonging to the estate they represented. At this sale J. M. Pierce became the purchaser of cattle, for which he had bid six hundred eighteen dollars. According to the terms of sale each purchaser of property was bound to execute a note with sufficient surety for the price, payable six months from date, which note was to bear ten per cent. interest

after maturity, and be negotiable and payable at the Marion National Bank of Lebanon, Kentucky.

Pierce presented to appellee his note signed by himself and two sureties, with whose pecuniary circumstances appellees were unacquainted, and asked them to take it. Appellees informed Pierce that they were unacquainted with the financial condition of the sureties to the note, but to take the cattle, and if it turned out on inquiry that the sureties were not good he would have to execute a note with solvent surety in lieu of the one he had then given them.

Shortly after this Pierce gave another note, with a Mr. O'Neal as surety, and lifted the first note executed for the cattle, but with an understanding between him and O'Neal that against the next Wednesday he was to execute and deliver to the appellees another note for the $618.00, the price of the cattle purchased by him, and lift the note on which O'Neal's name appeared as surety.

Shortly thereafter Pierce saw the appellees and informed them that he wished to give them a new note and lift the one they held on him. They handed him a printed blank with the amount of the debt Pierce owed them added. This was done as a mere matter of accommodation to Pierce. Pierce completed the note and appellant signed it as his security and delivered it to appellee, who in consideration therefor delivered up to him the note on which O'Neal was his surety for the same debt.

The appellees were not present when appellant signed the note in dispute in this action. Appellant in his answer sets up fraud in the procurement of his signature to the note sued on, and that he signed and delivered it to Pierce on Sunday, and that he signed and delivered it without consideration, neither of which defenses are in our opinion sufficient to avoid the note.

The mere fact that the appellees, on his application, gave to Pierce a printed blank note with the amount he owed them stated on its face did not constitute Pierce their agent to procure for them a note to be received by them in the place of the one they already held on Pierce and O'Neal, for according to the evidence, Pierce, at the time O'Neal signed the note on which he was surety, promised him that in a very short time he would lift that note and supply its place with another one with names signed to it as sureties, and when he executed the note in controversy he did so to redeem his promise made to O'Neal. The appellees were not interested in Pierce's success in giving another and lifting the note on which O'Neal was surety because O'Neal seems to have been perfectly solvent.

29

We are of opinion also that the surrender of the note of Pierce and O'Neal constituted a sufficient consideration to make the note signed by appellant obligatory, and although the evidence conduces to the conclusion that the note in dispute was signed by appellant on the Sabbath day; yet as it could have had no obligatory force till it was delivered to and received by appellees, which was done on Wednesday, and not Sunday, it cannot be avoided on that ground. *Prather v. Harlan & Thompson's Adm'r,* 6 Bush 185; *Ray v. Catlett,* 12 B. Mon. 532; *Dohoney v. Dohoney,* 7 Bush 217; *Martin v. Taylor's Adm'r,* 8 Ky. Opin. 559.

The judgment is therefore *affirmed.*

*R. J. Brown, for appellant.    Belden & Shuck, for appellees.*