## Morton v. Young.

(Decided January 19, 1917.)

### Appeal from Muhlenberg Circuit Court.

1. Appeal and Error—Parties.—The word "etc." after an appellant's name in the statement of parties required by section 739 of the Civil Code of Practice, is insufficient to make any one except the appellant specifically named, a party to the appeal.
2. Fraudulent Conveyances.—A sale or conveyance of property exempt from execution, is not fraudulent.
3. Fraudulent Conveyances—Transfers and Transactions Invalid.—A contract by the grantee in a deed to support the grantor during his life in consideration of a conveyance of the grantor's property, renders the conveyance constructively fraudulent as to the grantor's creditors. Ky. Sts., Sec. 1906.
4. Fraudulent Conveyances—When Homestead Not Lost.—A homestead right is not lost by a conveyance which is successfully assailed as fraudulent under section 1906 of the Kentucky Statutes.

C. A. DENNY for appellant.

TAYLOR, EAVES & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On January 6, 1912, the appellant, C. P. Morton, executed and delivered his note for $353.25, due one day thereafter, to W. A. Young, for groceries and supplies. At that time C. P. Morton owned a house and lot in Greenville, worth about $1,000.00; he owned no other unencumbered real estate, and had personal property of little or no value.

On January 9, 1913, C. P. Morton conveyed the house and lot in Greenville to his daughter Emma I. Morton. After this conveyance to his daughter, C. P. Morton improved the house at a cost of about $1,500.00. In the meantime, Young repeatedly requested Morton to pay the note, but he paid only the sum of $66.87 thereon. That payment was made on August 24, 1912.

In August, 1913, Young sued Morton and obtained a judgment at the September term of that year. An execution was issued and returned "no property found." Young continued to press Morton for the payment of the debt, and finally notified him that suit would be instituted to set aside the conveyance of the house and lot to Morton's daughter as fraudulent, unless the debt should be promptly paid.

Finally, on January 1st, 1914, Young filed this creditor's bill against C. P. Morton and Emma I. Morton, to set aside the deed of January 9, 1913, upon the ground that C. P. Morton had thereby conveyed his house and lot to his daughter Emma for the purpose of defrauding Young and the other creditors of Morton, in violation of section 1906 of the Kentucky Statutes.

Subsequently, on March 9, 1914, Young discovered that on December 31, 1913, the day before the creditor's bill was filed, C. P. Morton and Emma I. Morton, his daughter, had mortgaged the house and lot to D. M. Roll, a nephew of C. P. Morton, to secure the payment of C. P. Morton's debt of $860.00 claimed by him to be due Roll, and as indemnity against Roll's liability upon several small notes then in bank, aggregating $255.50. Roll was made a defendant by an amended petition.

The defendants filed answers traversing the allegations of the petition; and, by an amended answer, C. P. Morton alleged that he occupied the place with his family as a homestead, and that it being exempt, he had the right to sell it free of Young's claim. He further claimed a homestead of $1,000.00 in case the deed should be canceled and the property subjected to the payment of Young's debt.

The chancellor sustained the prayer of the petition and set aside both the deed and the mortgage, as being fraudulent, and directed a sale of the property, allowing C. P. Morton, however, $1,000.00 of the proceeds in lieu of his homestead, which was given precedence over Young's debt. From that judgment C. P. Morton, Emma I. Morton and D. M. Roll prayed and were granted an appeal by

the circuit court on September 25, 1914. They failed to prosecute that appeal, however, and on February 23, 1916, an appeal was granted by the clerk of this court to "C. P. Morton, etc.," in accordance with the statement for an appeal required by section 739 of the Civil Code of Practice.

The case has been argued as though all of the defendants were appellants; but, under the authority of Brodie v. Parsons, 23 Ky. L. R. 831, 64 S. W. 426, C. P. Morton, the only defendant named as an appellant in the statement for an appeal, is the only appellant.

The word "etc." after C. P. Morton's name in the statement of parties required by section 739 of the Code is insufficient to make any one else a party to the appeal. Board of Councilmen v. Farmers Bank, 22 Ky. L. R. 1738, 61 S. W. 458; Chinn v. Curtis, 24 Ky. L. R. 1566, 71 S. W. 923.

As Roll, therefore, has not appealed, it is neither necessary nor proper for us to pass upon his rights under the judgment.

The petition alleges that neither Emma I. Morton nor D. M. Roll paid any consideration for their respective conveyances. C. P. Morton testified that Emma was to pay $50.00 for the place, and in addition she was to care for her father and mother as long as they lived. On the other hand, Emma I. Morton testified that she was to pay her father $3,000.00, and support her father and mother during the balance of their lives, and that she had paid $300.00 or $400.00 of the purchase money. It has been decided by this court that a contract by the grantee to support the grantor during his life in consideration of a conveyance of the grantor's property, renders the conveyance constructively fraudulent as to the grantor's creditors. Hawkins v. Moffitt, 10 B. M. 81; Dohoney v. Dohoney, 7 Bush 217.

In our opinion it needs little or no argument or explanation beyond what has been said, to show that the deed to Emma I. Morton was made by C. P. Morton with the intent to delay, hinder and defraud his creditors, especially Young. The mere recital of the facts is sufficient to carry conviction of that intent. Indeed, there seems to have been a race upon the part of C. P. Morton to mortgage the property to Roll before Young could file his creditor's bill, and thus further muddy the already disturbed waters. The proof failed to satisfactorily show that Emma I. Morton paid any consideration for her

conveyance; and, there is no explanation why C. P. Morton joined in the mortgage to Roll after he had conveyed the property to his daughter. If he did not then own the property, there was no reason why he should have joined in the mortgage.

The chancellor properly canceled the deed as being fraudulent as to C. P. Morton's creditors, but that did not deprive Morton of his homestead, which was exempt from execution and was not lost by his fraudulent conveyance. Dugan v. Massey, 6 Bush 81; Lockett v. James, 8 Bush 28; Kuevan v. Specker, 11 Bush 1; Snapp v. Snapp, 87 Ky. 554.

The proof fully sustains the finding of the chancellor. Judgment affirmed.