## Pennington et al. v. Carter County.

(Decided January 21, 1930.)

J. S. FULLERTON for appellants.

R. C. LITTLETON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Dismissing appeal.

On September 19, 1927, there was filed with the county court of Carter county a petition to establish a described county road therein, and which was done, pursuant to the provisions of section 4301 of Carroll's 1922 Edition of Kentucky Statutes. Viewers were appointed by the court, and they in due time made and filed their report recommending the establishment of the road, prescribing the kind and character of road. The landowners over whose land the road, as recommended by the viewers, would run, were duly summoned to appear at a future regular term of the court to file exceptions to the viewers' report, or to take whatever action they desired. Among those so summoned were L. E. Pennington, L. C. Glancy and G. L. Stewart. Neither of them, nor any of the other landowners, filed any exceptions to the report or manifested of record any objections to the opening of the road as recommended by the viewers in any manner whatever, and the court entered judgment confirming the report and ordering the road to be opened, which was later done. The judgment in part recited: "This cause coming on at the regular call of the docket, and it appearing to·the satisfaction of the court that all parties in interest have agreed to the establishment of said road, as located by the viewers, without cost to the county. It is therefore adjudged by the court that said road be and is bounded as follows," etc.

That judgment was rendered on October 17, 1927, and on March 7, 1929, there was a petition filed in the Carter county court for a new trial upon the ground contained in subsection 4 of section 518 of the Civil Code of Practice, which permits a new trial .thereunder "for fraud practiced by the successful party in obtaining the judgment." The petition in the caption designated as plaintiffs, "L. E. Pennington, G. L. Stewart and L. C. Glancy, et al.," and the defendant therein was "Carter County." In the body of the petition L. E. Pennington's name nowhere appears, nor is it found in the entire tran-

script of the record in any other place than in the caption of the plaintiff's pleadings. The petition starts out with complaints made only by G. L. Stewart and L. C. Glancy, and they allege that before the county court judgment was rendered they agreed with the county attorney, who represented the petitioners as well as the county, to donate that part of their land over which the road ran on condition that the county would fence their remaining land along the right of way, and that such agreement was to be a part of and inserted in the judgment, which the county attorney agreed to, but fraudulently omitted to do, and that, as soon as they discovered such omission, they filed their petition for a new trial. As stated, Pennington, although named in the caption as a plaintiff, makes no complaint whatever of the judgment sought to be modified by the petition for a new trial.

The county court overruled the motion and dismissed the petition. Stewart and Glancy appealed from that judgment to the Carter circuit court, and in that court they amended the original petition, and the court sustained a demurrer to it as amended, and, upon plaintiffs' declining to plead further, the action was again dismissed, from which judgment this appeal is prosecuted.

Among other things required by section 739 of the Civil Code of Practice to be contained in the "Statement of Appeal" are "the names of appellants, accompanied by the word 'appellants.'" The statement in this case, in designating who are appellants, says, "L. E. Pennington et al.," and there is nothing in the entire statement to enlarge that quotation or to indicate that there is any appellant except L. E. Pennington, who, as we have seen, made no complaint in the circuit court, nor was there any judgment in his favor, against him, or in any manner affecting him. In Miller's Appellate Practice, section 82, the learned author states that "a person who is not named in the statement for an appeal is not before the court on the appeal, and no relief can be had against him." A great number of cases supporting that text are cited in note 86 thereto, and it is followed by this language, "A statement naming 'C. W. P. etc.,' appellees, only brings C. W. P. before the court," and the cases of Brodie v. Parsons, 64 S. W. 426, 23 Ky. Law Rep. 831; Newcom v. Turner, 15 Ky. Law Rep. 573; Morton v. Young, 173 Ky. 302, 190 S. W. 1090, and Matney v. Edmonds, 179 Ky. 244, 200 S. W. 366, are cited in support

of that statement in the text. If, however, such defects related to the appellees, and they later appeared in this court and participated in the hearing of the appeal, they perhaps would be bound by the judgment on appeal because of entering their appearance and making themselves appellees. However, that consequence with respect to an appellee does not apply in the case of an appellant, since one who is not legally complaining of the judgment appealed from may not insist on its reversal or modification, and such was the exact situation in the Morton case, supra.

In that case three of the defendants against whom the judgment was rendered objected thereto and prayed an appeal to this court. The case was briefed and submitted, but the statement designated the appellants only as ''C. P. Morton, etc.,'' and we held that under such a statement only C. P. Morton was appealing and only his rights were involved on the appeal, the court saying: ''The case has been argued as though all of the defendants were appellants; but, under the authority of Brodie v. Parsons, 64 S. W. 426, 23 Ky. Law Rep. 831, C. P. Morton, the only defendant named as an appellant in the statement for an appeal, is the only appellant. The word 'etc.' after C. P. Morton's name in the statement of parties required by section 839 of the Code is insufficient to make any one else a party to the appeal. Board of Councilmen v. Farmers' Bank, 61 S. W. 458, 22 Ky. Law Rep. 1738; Chinn v. Curtis, 24 Ky. Law Rep. 1566, 71 S. W. 923. As Roll, therefore, has not appealed, it is neither necessary nor proper for us to pass upon his rights under the judgment.'' That case is conclusive of the question in this one.

Under the doctrine of that and the other cited cases, the only appellant before this court is L. E. Pennington. He did not seek a new trial or any other relief in the petition filed therefor, nor was he granted or denied any. Therefore there is nothing from which he may appeal. The only ones affected by the dismissal of the petition for a new trial were and are G. L. Stewart and L. C. Glancy, neither of whom, under the rule of practice, supra, are before this court, and in the circumstances the only way to dispose of the appeal is to dismiss it upon the ground that the only appellant was not in any manner affected by the judgment we are asked to review under the only appeal that is here.

Wherefore the appeal is dismissed.