## Gray et al. v. Greer et al.

(Decided March 16, 1934.)

810

BELL & MEUTH, and HAGAN & HAGAN and LORAINE MIX, for appellants.

RODES & HARLIN, for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Ida M. Greer and her son, Stanton Greer, were adjudged to be the owners of the entire estate of John M. Greer and Fisher Gray, his grandson, and E. W. Garrison, his executor, have appealed.

### Admitted Facts.

John M. Greer, 82 years of age, died a resident of Warren county, Ky., on November 17, 1929, and left surviving him: Fisher Gray, his grandson by his first marriage; and Stanton Greer, his son by his second wife, Ida M. Greer, who had married him September 13, 1905, and who survived him, and these three were his heirs at law. He left real estate worth about $5,000 and some little personal property his entire estate being approximately $6,500.

On November 29, 1929, a paper was produced and probated by the Warren county court as his will. That paper as probated gave to Ida M. Greer just about what she would have received if he had died intestate, it gave Stanton Greer nothing, it gave to Fisher Gray the bulk of his estate, and named E. W. Garrison as his executor and he has qualified. Ida M. Greer renounced the provisions of the will.

### Pleadings.

On October 10, 1930, Ida M. Greer began this action

in the Warren circuit court by filing a suit in equity against Fisher Gray, Stanton Greer, and Garrison, the executor, based upon this paper which is admitted to be wholly in the handwriting of John M. Greer.

"Stanton shall have one-half of my estate and Ida the other."

"Sept. 29, 1928. I agree promise and bind myself to live the remainder of life in peace with my wife and son, as far as is possible to be done, taking care, feeding, clothing, and housing them as I have done, if they will do their duty respecting me in all things if they will do this they shall share equally in my estate. Sept. 29, 1928." Signed by John M. Greer.

She alleges that on September 8, 1928, she had filed a suit against John M. Greer for divorce, and that he in order to get that suit out of court prepared and delivered to her a statement, agreement, or contract (the paper, supra), which she accepted and has since kept, and that by virtue thereof she and Stanton Greer now own the estate of John M. Greer in equal shares, and she prayed that it be so adjudged, and it was.

After the general demurrer of Gray and Garrison had been overruled, it was agreed and ordered by the court that her petition and amended petition should be controverted of record, and about that time Gray and Garrison filed their joint and separate answer, categorically denying in the first paragraph the plaintiff's pleadings and in the second paragraph charging she had mistreated the deceased and that the paper was a will. That second paragraph was held bad on demurrer and it was not amended.

### Subsequent Record.

No proof was introduced by any one, but by stipulation they agreed upon the facts we stated in the early part of this opinion and filed as parts of this record the paper probated as Greer's will, and the record in the divorce suit, which appears never to have been dismissed, but no steps have been taken in it since the execution of the paper in question, and no step had been previously taken therein since September 15, 1928, when by an agreed order $1,652.75 (which was one-half of the money the old man had in the bank) was released from the order of attachment Ida M. Greer had sued out. Upon the record so made the cause was submitted, with

the result stated, and that is the web we are asked to unravel.

What is this document in question? It reminds us of what Dryden described as, "Neither fish, nor flesh, nor good red herring." Was it a pious resolution made by Greer, which he felt he would more certainly keep if he reduced it to writing? Was it a gratuitous contract made by Greer to benefit his wife and son without any profit received or expected by him, a donation, a gift inter vivos? Was it a gift on condition? Was it a will? Or, was it a contract to make a will devising his property to them? It would perhaps be difficult to decide just what it is, and it is not necessary that we do so.

If it be merely a resolution, the judgment is erroneous, for the keeping of our resolutions cannot be enforced by human tribunals. If it be a gratuitous contract, that is, a donation or gift inter vivos, the judgment cannot be sustained for the plaintiffs failed to prove it had been delivered; the allegation that it was being denied. If it be a gift on condition, the plaintiffs must fail, for such gifts are not enforceable. See 28 C. J. p. 645, sec. 41. If it be a will, it has been nullified by the production and probate of a paper dated April 4, 1929, as the will of John M. Greer. If it be a contract to make a will, the plaintiffs fail again, for to make this a contract there must be some sufficient consideration to support it. On its face it shows there was no sufficient consideration for the making of it. Of course, it provides that John M. Greer was to make such provisions that Stanton Greer should get one half of his estate and Ida M. Greer should get the other half, "If they will do their duty respecting me in all things"; but that was not sufficient consideration.

These parties were already under obligation to do their duty to John M. Greer and a promise to do what one is already under obligation to do cannot be a consideration. McDevitt v. Stokes, 174 Ky. 515, 192 S. W. 681, L. R. A. 1917D, 1100; Tudor v. Security Trust Co., 163 Ky. 514, 173 S. W. 1118; Eblin v. Miller, 78 Ky. 371; 13 C. J. p. 351, sec. 207; 6 R. C. L. p. 664, sec. 73.

Of course, the plaintiffs had alleged a consideration for the execution of this paper; but that was denied and they failed to prove it, as we have stated above, and owing to the unusual nature of the document and the fact that it shows on its face it was without a real consideration, it was necessary for the plaintiffs to show a

consideration for it in order to make of it a contract. That burden was on them and they failed to sustain it, therefore the judgment must be reversed, but this reversal shall not affect Stanton Greer, as he is not a party to this appeal for the reason that appellants in preparing the statement required by section 739 of the Code of Practice in Civil Cases, particularly subsection (b) thereof, described the appellees as "Ida M. Greer et al.," which makes her the sole appellee. Bow v. State Highway Com., 246 Ky. 564, 55 S. W. (2d) 341; Pennington v. Carter County, 232 Ky. 485, 23 S. W. (2d) 951; Morton v. Young, 173 Ky. 301, 190 S. W. 1090; 3 C. J. p. 1032, sec. 1009.

The trial court will set aside its judgment in favor of Ida M. Greer, and dismiss her petition.

Judgment reversed.