## Tandy et al. v. Wolfe.

(Decided Nov. 9, 1937.)

E. W. TANDY and R. F. PEAK for appellants.

J. LYTER DONALDSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On August 22, 1908, R. E. Moss, as executor under the will of R. M. Giddens, executed and delivered to Eugene W. Tandy and Virginia H. Tandy, his wife, a deed to house and lot in Bedford, Ky., in consideration of $500 paid on delivery of the deed and a balance of $1,150 represented by two notes of that date, one for $500 due March 1, 1920, and the other for $650 due March 1, 1921, both bearing interest from March 1, 1919, a vendor's lien being retained in the deed to secure the payment of these notes. These notes are indorsed on the back as follows:

"R. E. Moss, Executor, R. M. Giddens Estate. For value received, Pension Fund of Disciples of Christ hereby sells and assigns the within note to F. W. Wolfe without recourse, this action having been ordered by proper resolution of the board.

"Pension Fund of Disciples of Christ.
"By W. W. Warren, Vice President."

F. W. Wolfe instituted this action to recover on the two notes and for the enforcement of the vendor's

lien retained to secure them and also to recover on the other notes which had been executed and delivered to him by Eugene W. Tandy and Virginia H. Tandy and which were secured by a mortgage on a lot in Bedford.

By answer defendants admitted the execution of the notes to R. E. Moss as executor but alleged in effect that the deed from the executor was not in conformity with the agreement under which the land was purchased, in that it was not a deed of general warranty and did not pass a good title and in a second paragraph more specifically pleaded the alleged insufficiency of the deed. In a third paragraph they pleaded that the two notes executed to R. E. Moss, executor, had been transferred by him to the pension fund of the Disciples of Christ and by the latter to F. W. Wolfe, and that they were thereby made negotiable and subject to the law of limitation governing negotiable notes, which they pleaded as a defense. In a fourth paragraph they pleaded that Virginia H. Tandy signed the other notes sued on in the petition as surety only and received no benefit therefrom, and that she signed the mortgage securing the notes as a mortgage on her husband's property and in no way mortgaged her own property or any interest therein.

The court sustained the demurrer to this answer and each and every paragraph thereof. Amended answers met a similar fate. In the April term, 1935, the court entered judgment for the plaintiff granting the relief sought as to all the notes other than the two vendor's lien notes which he held as assignee.

Thereafter the defendants filed an amended answer, counterclaim, and cross-petition and a number of amendments thereto. The court sustained a demurrer to all of the pleadings of the defendants and to each paragraph thereof except as to the paragraph in the last-amended answer, counterclaim, and cross-petition which in effect pleaded that the vendor's lien notes were so assigned and transferred by the executor before maturity as to place them upon the footing of a bill of exchange and to make them subject to the five-year statute of limitation (Ky. Stats., sec. 2515) which was pleaded.

For the sake of brevity we shall make no further reference to the different defenses attempted to be

interposed by defendants except in so far as necessary to a disposition of questions presented for decision. After evidence was heard on the plea of limitation, which was controverted, the chancellor adjudged that the plaintiff was entitled to the relief sought as to the vendor's lien notes, and from that judgment this appeal is prosecuted.

At the outset it may be said that it is unnecessary for us to consider any matters argued in brief on behalf of Virginia H. Tandy, since she is not made a party to this appeal but parties appellant are designated in statement of appeal as Eugene W. Tandy et al. and the appellee, F. W. Wolfe. This court in construing section 739 of the Civil Code of Practice, relating to statement to be filed by appellant or appellants with his transcript, has consistently held that, unless a party to an action is specifically mentioned in the statement as an appellant or appellee, he is not a party to the appeal and a statement giving the names of one party as appellant or appellee, followed by "Etc., et al." or like abbreviation, only makes the party named, appellant or appellee, as the case may be. Pennington v. Carter County, 232 Ky. 485, 23 S. W. (2d) 951; Brodie v. Parsons, 64 S. W. 426, 23 Ky. Law Rep. 831; Morton v. Young, 173 Ky. 301, 190 S. W. 1090, and cases cited in those opinions.

We may likewise dispose of all argument concerning the first judgment entered or matters therein involved, since as shown by the statement the appeal is from the last judgment alone and the court will only consider the judgment pointed out in the statement of appeal. See Stortz v. Voss, etc., 181 Ky. 546, 205 S. W. 610; Pezzarossi v. Collins, 228 Ky. 51, 14 S. W. (2d) 165; Kirby's Adm'r v. Berea College, 196 Ky. 353, 244 S. W. 775.

The defenses attempted to be interposed by the first and second paragraphs of appellant's original answer and any contention that the court erred in sustaining the demurrer to those paragraphs have apparently been abandoned since they are not a subject of argument in his brief. But in passing it may be said that in neither of these paragraphs were facts pleaded that would warrant or justify a rescission or would relieve appellant of liability on the notes.

As has already been pointed out, the court over-

ruled the demurrer to the paragraph in the last-amended answer, counterclaim, and cross-petition of appellant which pleaded that the two vendor's lien notes were negotiated before maturity and therefore the five-year statute of limitation which was pleaded applied to them; and it is argued that the court erred in not sustaining his plea of limitation. It is true, as asserted by appellant, that the indorsement of R. E. Moss, executor of R. N. Giddens' estate, on the back of the note bears no date and in such circumstances under section 3720b-45, Kentucky Statutes, such indorsement "is deemed prima facie to have been affected before the instrument was overdue." Under the will of R. N. Giddens the Pension Fund of the Disciples of Christ of Indianapolis, Ind., was entitled to the proceeds of the house and lot in Bedford which R. E. Moss as executor conveyed to appellant and his wife, either as rents or by sale. These notes, as disclosed by the record, were turned over to such fund by the coexecutor by R. E. Moss in satisfaction of the balance of the devise to it. F. E. Smith, who was and for years had been the secretary of the Pension Fund of the Disciples of Christ, testified positively that the notes were not delivered to such Pension Fund until May 25, 1922, and it was not the owner of either of said notes prior to that date.

Under section 3720b-30, Kentucky Statutes, a note payable to order, as these notes were, may be negotiated by indorsement of the holder, completed by delivery. In this instance it is shown by uncontradicted evidence that there was no delivery until after the maturity of both of the notes and therefore any presumption arising by statute or otherwise that the notes were negotiated before overdue is overcome.

Some question is made in brief as to whether the party who delivered the notes to the Pension Fund was a coexecutor of Moss, but the will nominated him as such and it is in fact alleged in appellant's pleading that he was.

In a paragraph of one of appellant's amended answers, etc., it was pleaded that the notes were payable at the Bank of Bedford, in Bedford, Ky., and that they were not presented for payment at such bank; that, if they had been, he was ready, willing, and able to pay them, and he is asserting that the court erred in sustaining a demurrer to that paragraph of his

pleading. On the face of the notes the makers express-ly waived presentment for payment. Section 3720b-82 of the Statute provides ''Presentment for payment is dispensed with: * * * (3) By waiver of presentment, express, or implied.'' See, also, Owensboro Savings Bank & Trust Co.'s Receivers, v. Haynes, 143 Ky. 534, 136 S. W. 1004, wherein it was held that a waiver of presentment for payment embodied in a note becomes a part of the contract and binds an indorser as well as the maker.

Some question is made by appellant as to the man-ner, or order in which it was adjudged that the lots be sold, but we find nothing in the judgment appealed from in that particular that can operate to the prejudice of appellant.

With reference to the notes sued on in the second paragraph of appellee's petition, argument is made con-cerning certain writings or markings made on the notes after their execution and delivery and concerning usury embraced in the notes, but there was nothing in the pleading concerning these matters and furthermore plaintiff was awarded recovery on them by the first judgment from which no appeal had been prosecuted.

Other matters argued in appellant's brief relate to defenses made by his wife alone and which for rea-sons stated at the outset cannot be considered on this appeal.

For the reasons indicated, the judgment must be and is affirmed.