## Perry v. Bailey et al.

March 24, 1942.

Floyd Taylor for appellant.

E. B. Wilson and J. S. Wilson for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Default judgment was rendered in this suit of Mrs. Bertha Perry against her brother, Robert Bailey, and her five sisters and their husbands to foreclose a mortgage on 32 acres of land which had been executed by their father to secure a debt of $228 to Dr. Edward Wilson and assigned to her by him, she having paid the debt. She pleaded also for a division of the surplus of the proceeds of the land among her father's heirs. The property was duly sold to E. O. Guthrie for $575 and the sale was confirmed. When the bond matured six months later, it was collected and the court executed a deed to the property. At the same term there appears an order reciting that on motion of the plaintiff and the purchaser the court set March 7, 1941, as the day for "hearing the question of determination of the value of the contingent right of dower of Eli Perry, who has heretofore entered his appearance herein." A subpoena was directed to be issued commanding him to appear to testify at that time. The record does not show how or in what manner Perry had entered his appearance. It does show that he was the husband of the plaintiff, Bertha Perry, and that he was not a party to the suit.

Instead of appearing to testify, an answer was filed for him claiming "a contingent right of dower," and reciting that he had never been a party to the suit and the sale had not divested him of his title and could not do so. He alleged the judgment and the sale were "illegal and improper," and asked that he be permitted to take proof as to the divisibility of the land and that it or enough thereof to pay the debt should be resold. With his answer he filed the affidavit of two men that had they known the property was to be sold they would have paid $1,000 for it. A final order was entered overruling the husband's motion to set aside the sale but declaring that he was entitled to his "inchoate right of dower" in that portion of the proceeds of the sale payable to his wife, "but inasmuch as the pleading of Eli Perry fails to give his age, and his counsel in open court being requested to reveal the age of Eli Perry, and said counsel being unable so to do, and the record being silent on this point, it is ordered that the intervening pleading of said Eli Perry be and is hereby dismissed, and this cause is stricken from the docket."

Perry has prosecuted an appeal from that order. But it is only against Robert Bailey. None of the other parties to the suit are named in the statement of appeal and the term "et al." following Bailey's name does not have the effect of presenting an appeal against other parties than Bailey. Section 739, Civil Code of Practice; Tandy v. Wolfe, 270 Ky. 556, 110 S. W. (2d) 277.

Inasmuch as this was a suit to have sold real estate in which Perry's wife had an undivided one-seventh interest as an heir after the mortgage lien should be satisfied, it was necessary that her husband be made a party in order to divest him of his inchoate right, the same being a life estate in one-third of his wife's one-seventh interest. Section 2132, Statutes.

The judgment is not void or erroneous as to the parties before the court and the purchaser acquired a good title against them. Should Eli Perry predecease his wife, his right would die with him and the title so far as he is concerned be clear. Should he survive her and the same shall not have been barred, forfeited or relinquished, then he may claim his interest. Since the land brought only $575, and the mortgage lien was for $228 with interest from June 16, 1933, after its payment and the payment of the costs of the action, Perry's interest is negligible—the present worth of about $5. He was given the opportunity to take the present value of this potential right in cash, but he, in effect, declined that. Were this a potential interest of a wife in a husband's lands, under Section 495, Civil Code of Practice, instead of the converse, the interest would have been divested and the cash value be all she would be entitled to. Reed v. Reed, 80 S. W. 520, 25 Ky. Law Rep. 2324; Wise v. Wolfe, 120 Ky. 263, 85 S. W. 1191, 1194.

It seems the appellant has been merely trifling with the court. Certainly, he has shown no right to reversal of the judgment against the sole appellee, Robert Bailey.

The judgment is affirmed.