**Arthur WHITE, et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Dept. of Highways, ex rel. et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1955.

Rehearing Denied March 23, 1956.

Lena M. Craig, J. A. Edge, Lexington, for appellants.

T. W. Johnson, Frankfort, John R. Cooke, Jr., Lexington, for appellees.

PER CURIAM.

This is a motion for an appeal from a judgment of the Fayette Circuit Court dismissing the appeal Arthur White and wife, Gladys, attempted to prosecute from the Fayette County Court to the Fayette Circuit Court. In a proceeding brought by the Commonwealth of Kentucky, Department of Highways, ex rel., W. P. Curlin, Commissioner of Highways, Fayette County and the City of Lexington against Arthur White and wife in the county court to condemn certain land for street and highway purposes, the landowners were awarded a total of $1337.50 for land taken and direct damages to a restaurant.

This proceeding was tried under KRS 177.081 to 177.089, inclusive. It is provided in KRS 177.087 that in condemnation proceedings an appeal may be taken by either party, or by both parties, "by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioner (commissioners)."

A certified copy of the county court judgment was duly filed in the circuit court. But the Whites failed to file a statement of the parties to the appeal and also failed to file exceptions to the commissioners' award in the circuit court when they attempted to appeal. The copy of the county court judgment they filed in the circuit court did not contain all the names of the parties to the appeal. None of the names of the

parties appear in the body of that judgment and we here copy its caption verbatim:

"Fayette County Court
"April 7th, 1953
"Commonwealth of Kentucky
"Department of Highways, et al.,                    Plaintiffs,
"vs:   Order and judgment.
"Arthur White & Gladys
   White Wife,                        Defendants,"

It will be noted all the names of the plaintiffs do not appear in the caption but that two of them, Fayette County and City of Lexington are represented by the term "et al." In many cases we have held the term "et al." following the name of a party in a statement of appeal does not have the effect of presenting an appeal against the other party. A few such cases are Perry v. Bailey, 290 Ky. 129, 160 S.W.2d 617; Tandy v. Wolfe, 270 Ky. 556, 110 S.W.2d 277; Bard v. Board of Drainage Com'rs of Hickman County, 274 Ky. 491, 118 S.W.2d 1013; Crittenden v. Rogers, 278 Ky. 481, 128 S.W.2d 942; Kramer v. Kramer, 280 Ky. 189, 132 S.W.2d 955.

It was held in Com. ex rel. Curlin v. Moyers, Ky., 280 S.W.2d 513, it was not necessary for appellants in a condemnation proceeding to file in the circuit court the exceptions they had filed in the county court to the commissioners' award, although KRS 177.087 required it. The reason given in the Moyers opinion is that the record in the county court which contained these exceptions would be filed in the circuit court, and to require them to be filed on the taking of the appeal would be a supertechnicality. This takes care of the failure of the Whites to file the exceptions in the circuit court.

But the logic in the Moyers opinion does not apply to the failure to file in the circuit court "a statement of the parties to the appeal" since it is necessary for the circuit court clerk to know against whom to issue summons as soon as the appeal is filed with him and he cannot wait to get such information from the record when it is brought up. It was written in Land v. Salem Bank, 279 Ky. 449, 130 S.W.2d 818, that an appeal will be dismissed if submitted without the necessary parties being joined as appellees.

The right of appeal is purely statutory and one who seeks to avail himself of it must comply with the conditions set forth by the General Assembly. Louisville & N. R. Co. v. Caudill, 302 Ky. 255, 194 S.W.2d 508. As appellants did not file in the circuit court "a statement of the parties to the appeal" as provided in KRS 177.087, that court properly dismissed the appeal.

Motion for appeal is denied and judgment is affirmed.