**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Mary Elizabeth HARKNESS, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Phillip K. Wicker, Somerset, for appellant.

E. B. Wilson, Pineville, for appellee.

WILLIAMS, Judge.

The appellant,· Commonwealth of Kentucky, Department of Highways, brought condemnation proceedings in the Bell County Court seeking to condemn certain property owned by the appellee Mary Elizabeth Harkness, who had been adjudged to be an incompetent person. Her guardian ad litem filed his report stating he was unable to make any defense. The Commonwealth did not put on any proof showing the right to condemn. (The official order of the Department of Highways designating the property needed is conclusive of the public use of the property. KRS· 177.082. The

order was not filed.) Judgment was taken awarding the appellee $2,000 as compensation for the property taken.

The Commonwealth appealed to the Bell Circuit Court. On motion of appellee's committee (who was appointed after judgment was rendered in the county court), the appeal was dismissed and the cause remanded to the Bell County Court. Although that was not the proper method by which to dispose of the appeal, we have considered the circuit court's action as tantamount to an order of reversal.

 The judgment of the county court was defective because the necessary affirmative allegations were not proved by the Commonwealth. CR 8.04 provides in part:

"* * * Averments in a pleading to which a responsive pleading is required are admitted when not denied in the responsive pleading, except that the following allegations must be proved:

"(1) Those against a person under any disability. * * *"

The incompetency of the appellee was known at the time the condemnation suit was filed, but the proceedings taken thereafter did not conform to the directions of CR 8.04.

The county court judgment here was voidable. Since it was reversed by the circuit court its cure had to be effected in the county court. To that end the Commonwealth produced the official order designating the property needed and caused a second judgment to be entered in county court. Appeal from that judgment was dismissed by the Bell Circuit Court, which is the subject of this action before us.

We have already shown that the Commonwealth proceeded properly in returning to county court and correcting the error made in the first judgment. After the averments in the Commonwealth's complaint were proved the county court correctly entered a second judgment. It had jurisdiction of the parties and of the subject matter.

The only question remaining concerns the failure of the Commonwealth to name the appellee's committee in the statement of parties to the appeal to circuit court. KRS 177.087 provides that a statement of parties to an appeal shall be filed, and we held in White v. Commonwealth, Ky., 287 S.W.2d 625, that failure to name the necessary parties is cause for dismissing the appeal. Although CR 4.04(3) provides that service shall be made upon a person of unsound mind by serving his resident guardian or committee, if there is one known to the plaintiff, nevertheless the real party in interest is the incompetent person himself. The effect of that rule is not so extensive as to make the committee a necessary party to this action. Failure to name the committee in the statement of the parties to the appeal, therefore, was not fatal.

The judgment is reversed.