CASE 54—EQUITY—JANUARY 23.

# Murphy, &c., v. O'Reiley.

### APPEAL FROM MARION CIRCUIT COURT.

1. A judgment to sell land is an entirety, and cannot be reversed as to one appellee without reversing as to all in whose favor the judgment was rendered.

2. Whoever is a party in the court below, and would be a necessary party to any further proceedings after reversal in this court, must be a party to the appeal.

J. R. THOMAS AND ROUNTREE & GILL FOR APPELLANTS.

1. The proof clearly shows that the land belongs to appellants, and it should not have been subjected to appellee's debt.

2. The land was erroneously sold on a credit of three months. (Civil Code, 696.)

HILL & JOHNSON FOR APPELLEE.
No brief.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellee, a judgment creditor of John Murphy, brought this suit against Murphy and his wife, attacking a conveyance made by a third person to Mrs. Murphy as fraudulent. Mrs. Khral held a mortgage on the land, executed by Murphy and wife, to secure a debt due from them to the mortgagee, and being made a party, filed an answer, which she made a cross-petition against Murphy and wife.

On hearing, the circuit court adjudged the deed to Mrs. Murphy to be fraudulent as to her husband's creditors, and adjudged the land to be sold to satisfy the debt of the appellee and the mortgage to Mrs. Khral.

From that judgment Murphy and wife have appealed, but they have not made Mrs Khral an appellee.

She is a necessary party, and the appeal must be dismissed. The judgment to sell the land is an entirety, and cannot be

reversed as to one of those in whose favor it was rendered without reversing as to both. (Horine v. Woods, Sneed, 235.) And Mrs. Khral not being a party to the appeal, the judgment, however erroneous as to her, cannot be reversed on this appeal.

Whoever is a party to the record in the court below, and would be a necessary party to any further proceedings after the reversal of the judgment, must be a party to the appeal.

If the judgment in favor of the appellee were reversed, he could not proceed in the court below, because Mrs. Khral is a necessary party to his proceeding to subject the land to the payment of his debt; and a final judgment having been rendered in her favor, she would not be a party to the subsequent litigation.

Moreover, she might proceed to execute the judgment in her favor, and, by a sale of the land, render it impossible for the appellee to subject it, although he might make out a case entitling him to relief.

Wherefore, the appeal is dismissed.