# Ball v. Tipton.

(Decided January 26, 1932.)

E. BERTRAM and C. C. BERTRAM for appellant.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

N. J. Tipton instituted this action in the Rockcastle circuit court against A. G. Ball, the Peoples Bank of Mount Vernon, and A. M. Hiatt, special deputy banking commissioner of Kentucky, and by his petition filed on the 11th day of August, 1930, as thereafter twice amended, alleged in substance the following facts:

On April 23, 1930, the Peoples Bank of Mount Vernon closed and was placed in the hands of the state banking commissioner. A. M. Hiatt, as special deputy banking commissioner, was placed in charge of its business and affairs. At the time the bank closed and for many weeks prior, it was indebted to plaintiff in the sum of $4,655.85. It was the owner of a note for $400, dated April 30, 1929, and payable in six months, signed by plaintiff, Lee Mullins, and W. D. Mullins, and also owner of a note for $500, executed by W. D. Payne and secured by a real estate mortgage of date December 28, 1927. The latter note was for purchase money upon real estate which was thereafter purchased by plaintiff. At this time, it was also indebted to A. G. Ball in a sum greater than the aggregate amount of the two notes, and to secure, indemnify, or to satisfy in part its indebtedness to Ball, it transferred and assigned the two notes to him. It is further alleged in the petition that at the time the $400 note was executed and at all times thereafter, Lee

Mullins and W. D. Mullins were insolvent; that after the execution of the $500 mortgage by W. D. Payne, plaintiff purchased the real estate from him and agreed with him and with the bank to pay the note; that he assumed the payment of the note and the bank agreed to look to him and not to Payne for the payment thereof prior to the time it was transferred to Ball.

It is further alleged that the notes were transferred and assigned to Ball for the purpose of cheating, hindering, delaying, and defrauding plaintiff and other creditors of the bank; that the bank at the time was hopelessly insolvent and the transfer was made for the purpose of preferring Ball to the other creditors; that the transfer and assignment of the notes operated as an assignment of the property and assets of the bank under the laws of this state.

The three defendants in the original petition were duly served with summons, and thereafter A. G. Ball entered a special demurrer to the petition on the ground that at that time, the state banking commissioner had not been made a party to the action. By amended petition, the state banking commissioner was made a party and the special demurrer was thereupon overruled. There is nothing in the record to indicate that the banking commissioner was ever served with summons or entered his appearance to the action.

The court also overruled a general demurrer of A. G. Ball to the petition as amended, whereupon he elected to stand upon his demurrer and failed to file answer or make any defense. The court entered a judgment granting to plaintiff the relief sought and adjudging the transfer of the notes to Ball to be illegal; it directed that Ball deliver the notes to A. M. Hiatt, special deputy banking commissioner, and that the latter place the aggregate amount of the notes with accrued interest as a credit upon the amount which the bank owed to plaintiff. The defendant Ball has prosecuted this appeal.

At the time this action was instituted, the Peoples Bank of Mount Vernon had gone into the hands of the state banking commissioner for the purpose of liquidation. Stockholders as well as depositors and other creditors of the bank had an interest in the matters involved in this litigation; therefore, the banking commissioner was a necessary party to the action.

Section 28 of the Civil Code of Practice provides:

"The court may determine any controversy between parties before it, if it can do so without prejudice to others; if it cannot do so, it must require such other persons to be made parties, or must dismiss the action without prejudice."

While by amended petition appellee attempted to make the banking commissioner a party defendant, he was not served with summons and did not enter his appearance. The court could not determine the controversy between Tipton and Ball to the prejudice of others not before the court.

All other questions are reserved.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.