## RAILROAD COMMISSION OF TEXAS et al.
### v. BURKETT.
### No. 9412.

Court of Civil Appeals of Texas.
San Antonio.
Dec. 6, 1933.

James V. Allred and Everett F. Johnson, both of Austin, for appellants.

Joe Burkett, Jr., of San Antonio, pro se.

FLY, Chief Justice.

Appellee, Joe Burkett, Jr., as receiver in the case of Joe Burkett v. F. H. Cook et al., instituted proceedings for a temporary injunction against the railroad commission, its members, Lon A. Smith, C. V. Terrell, Ernest R. Thomson, and ———— Golay, R. D. Parker, and all other agents and employees, to restrain them from interfering with, in any manner, the operation of a certain lease and from molesting said receiver and his agents from selling oil alleged to be in storage and the "back allowable" oil at the rate of 100 barrels per day for twenty days, and 45 barrels per day for the remainder of time necessary to run 4,400 barrels of "back allowable" fixed by the railroad commission, and prayed that the Butler Calhoun Refining Company be expressly authorized and empowered to connect with said well and run said oil therefrom free from interference by said railroad commission, its agents, servants, employees, and members, pending further orders of said court. This application was filed in the Ninety-Fourth district court of Bexar county, on the 16th day of October, 1933, and was on the same day granted by the district judge, without notice to any one and without requiring a bond from the applicant for the writ. Such action was in direct contravention of article 6049c, § 10, Vernon's Annotated Civil Statutes of Texas. The court had no jurisdiction in the first instance, and, if there had been jurisdiction, the order was of no avail, because neither notice was given nor bond required.

On November 6, 1933, the order was set aside by the district judge as to the railroad commission of Texas, but was continued as to the members of the commission and all other agents of the commission.

It is obvious from the record itself that, in order to cover up the lack of jurisdiction in the district court of Bexar county, as to the railroad commission, an attempt was made to perpetuate the writ of injunction in a roundabout way by restraining the members of the railroad commission and all other agents or persons connected with it from action in the premises. The amended writ was to all intents and purposes an attempt to restrain the railroad commission.

The railroad commission can only act through the members of the commission and its other agents, and when they have been rendered powerless, by injunction, to act, the railroad commission has been deprived of all of its functions. The parties will not be permitted to obtain by indirection what they could not, under the law, obtain through direct means.

The district court at no time obtained jurisdiction over the railroad commission of Texas, and it was the merest fiction to endeavor to defeat the demands of the law as to jurisdiction through a writ restraining all the agents of the railroad commission. The members of the commission and other agents give life and vitality to the commission, and for the time being constitute the railroad commission. If an action is to be brought against the railroad commission it must be brought in Travis county, as directed by the statutes of the state, and this law cannot and will not be defeated through the tortuous method of restraining every one who could put active force and energy in the railroad commission.

The action of the court in granting the temporary writ of injunction will be reversed and set aside, and all the proceedings connected therewith dismissed.