## Williams v. Byrd et al.

(Decided March 24, 1936.)

E. C. HYDEN for appellant.

A. F. BYRD and O. H. POLLARD for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON— Affirming.

Prior to and on the 5th day of February, 1930, the Hargis Bank & Trust Company, a corporation, organized and existing under the laws of this commonwealth, was engaged in the general banking business at Jackson, Ky. On that date it closed its doors and was placed in the hands of the state banking and securities commissioner, under section 165a-16, Kentucky Statutes.

James S. Williams was at the time a depositor of the bank and trust company. The Byrds were indebted to it many thousand dollars evidenced by notes. Wil-

liams, suing for himself and all other depositors of the bank and trust company, brought this action against the Byrds and Ervine Turner, special deputy banking and securities commissioner, for a personal judgment against the Byrds and for the foreclosure of mortgages given by the Byrds to secure a number of their notes to the bank, and to set aside other mortgages executed and delivered by them to other creditors. Neither the Hargis Bank & Trust Company nor the banking and securities commissioner is a party to the action.

The petition contains this statement:

"No action has ever been instituted on either of said notes, and no effort made by the defenrant, Ervine Turner, to collect said notes or any part thereof, and no effort has been made by the banking and securities department of this state to enforce the lien of said bank on said library, or to subject the same to the collection of said debt, although said Turner has often been requested so to do by depositors of said bank and by their attorney. He says he is informed and believes, and therefore charges, that the defendant, Turner, does not intend to enforce the collection of said notes," etc.

A special demurrer to the petition was filed by the special deputy banking and securities commissioner, on the ground Williams, for himself and all other depositors, had "no legal capacity to sue and no right to maintain this action." The Byrds filed a special demurrer to the petition on the ground stated in that of the special deputy banking and securities commisioner; also a general demurrer because the facts stated in the petition were not sufficient to constitute or support a cause of action against them. The court sustained the special and general demurrer. Williams filed an amendment to his petition. The court sustained the demurrers to the petition as amended. Williams declined to plead further. His petition was dismissed, and the cause stricken from the docket. He appeals.

The banking and securities commissioner, and not a liquidating agent, has exclusive jurisdiction over banks, and he was both a necessary and proper party to this action. Ball v. Tipton, 242 Ky. 181, 45 S. W. (2d) 1044; Wilson, Banking Commissioner, v. Louis-

ville Title Co., 244 Ky. 683, 51 S. W. (2d) 971; Commonwealth ex rel. Denny v. Hargis Bank & Trust Co. et al., 233 Ky. 801, 26 S. W. (2d) 1045. There is no allegation in the petition as amended that the banking and securities commissioner had been requested, and had refused, to institute this or any action against the Byrds. There is no allegation in it that Williams or any one acting with him, or even his attorney, had requested the liquidating agent to institute, and he had refused to institute, this or any other action against the Byrds.

To manifest his right to maintain this action, it was indispensable for Williams in his own behalf and that of all other depositors to allege positively that the banking and securities commissioner had been requested, and he had refused, to bring an action on the causes of action set up in petition. Tipton's Adm'x v. Ball et al., 256 Ky. 816, 77 S. W. (2d) 50, and cases cited.

Even if an allegation that a request to the liquidating agent in charge of the bank's affairs had been made of him, and he had refused to institute an action, were sufficient to bring Williams' right to institute and prosecute this action in his own behalf and that of all other depositors within the rule that a trust beneficiary may bring a suit for the benefit of a trust, where a request is made to a trustee to institute and prosecute it, and he refuses to do so, still the allegations contained in the petition respecting the request of the liquidating agent and his action in reference thereto are insufficient of themselves to bring his and their right to institute and prosecute the action within the rule, supra.

The action of the trial court sustaining the special and general demurrer, in view of the allegations of the petition, was proper and the petition dismissed.

Wherefore the judgment is affirmed.