### L. P. & B. OIL CORPORATION v. GULF OIL CORPORATION et al.

### No. 8648.

Court of Civil Appeals of Texas. Austin.

March 16, 1938.

Rehearing Denied April 20, 1938.

Weeks, Hankerson & Potter, of Tyler, for L. P. & B. Corporation.

Stanley Hornsby, of Austin, and Joe S. Brown and Robert F. Carter, both of Houston, for Gulf Oil Corporation.

Wm. McCraw and Harry S. Pollard, both of Austin, amici curiæ.

BLAIR, Justice.

This is a Rule 37 case. The appeal is from an order granting a temporary injunction restraining appellant, L. P. & B. Oil Corporation, from drilling a second oil well on a two-acre tract of land in Gregg county, under authority of a permit granted by the Railroad Commission as an exception to the Rule 37 applicable to the East Texas oil field. Appellee Gulf Oil Corporation made both the commission and the L. P. & B. Oil Corporation parties defendant to its suit to set aside the order granting the permit to drill the well as being unjust and unreasonable, and in violation of said spacing rule; but sought temporary injunctive relief only against the L. P. & B. Oil Corporation to restrain it from drilling the well authorized by the permit. Neither the commission nor any of its members were served with notice of the ex parte application of appellee for the injunctive relief; nor was any hearing held other than on the ex parte application of

appellee; and upon such hearing the temporary injunction was issued against the L. P. & B. Oil Corporation restraining it from drilling the well under the permit.

The trial court erred in granting the temporary injunction, because article 6049c, § 10, Vernon's Ann.Civ.Statutes of Texas, provides (1) that no injunctive relief of any character shall be granted by a trial court against the Railroad Commission, or its members or agents, "to restrain it or them from enforcing any rule, regulation, or order made and promulgated * * * under the conservation statutes of this State relating to oil and gas, or any amendments thereof;" and also provides (2) that no injunctive relief of any character shall be granted "against any such statute, or against any such rule, regulation, or order of the Commission * * * except after notice to the Commission and a hearing" as provided for in the act. The act further provides that all such rules, regulations, or orders of the commission shall be taken as prima facie valid; and that a trial court is not empowered to issue injunctive relief upon the introduction of only the sworn petition or application for injunctive relief. The act further provides that, before any such injunctive relief shall issue against any statute, rule, regulation, or order of the commission relating to the oil and gas conservation laws, the party obtaining same shall be required to execute a bond as required by the act. This language of the act is plain and unambiguous and shows the legislative intent to prohibit the granting of any character of injunctive relief not only as against the commission, its members and agents, but also as against the enforcement of any "statute or against any rule, regulation, or order of the Commission" relating to oil and gas conservation, except after notice to the commission and a hearing in the manner provided in the act. This legislative intent is further evidenced by section 11 of the act, which provides that the Courts of Civil Appeals and the judges thereof, upon the matter being called to their attention, shall immediately issue writs of prohibition or mandamus to prevent the enforcement of any order or judgment of a trial court granting any such injunctive relief without notice to the commission and a hearing as provided in Section 10. Section 11 further provides that said appellate courts shall also "prohibit and restrain the party or parties in whose favor such order has been entered from acting or attempting to act under the protection of said order or from violating the statute or the rule, regulation, or order of the Commission attacked." Moreover, the emergency clause recited that the commission, its members and agents, were being greatly hampered in the enforcement of the statutes, and of its rules, regulations, and orders relating to the conservation of oil and gas by the issuance of temporary injunctive relief without notice to the commission; and that there might be a speedy remedy against such nonobservance of these statutes, rules, and regulations, and orders by temporary injunctive relief, the act should be passed under the emergency rule.

The commission is the agency charged with the duty of enforcing the conservation laws. It is a necessary party to a suit to set aside an order granting a permit to drill an oil well as an exception to the applicable Rule 37. Article 6049c, § 8; Magnolia Petroleum Co. v. Edgar, Tex. Civ.App., 62 S.W.2d 359. By numerous cases this court has held that the subject matter of an appeal complaining of an order, rule, or regulation of the Railroad Commission is the order, rule, or regulation itself and its effective enforcement to prevent the waste of oil and gas. It is therefore manifest that the Legislature intended to give prima facie validity to every rule, regulation, or order of the commission, and to inhibit the granting of any sort of injunctive relief against any statute, or against any rule, regulation, or order of the commission relating to the oil and gas conservation, except after notice to the commission and a hearing. Manifestly the granting of such temporary injunctive relief against one who has been granted a permit to drill an oil well, without notice to the commission and a hearing as provided by the statute, would do by indirection the very thing that the statute condemns or forbids. This identical question was decided in the case of Railroad Commission et al. v. Burkett, Tex.Civ.App., 66 S.W.2d 448, wherein it is held that an attempt to enjoin the Railroad Commission from interfering with the operation of an oil lease by enjoining the individual members thereof and other persons was ineffectual, since the parties could not obtain by indirection what they could not do under the law by direct means; and that "such action was in direct contravention of article 6049c, § 10, Vernon's Annotated Civil Statutes of Texas," which prohibited the granting of such injunctive relief without notice to the commission and a hearing. The court further

held, as follows: "The railroad commission can only act through the members of the commission and its other agents, and when they have been rendered powerless, by injunction, to act, the railroad commission has been deprived of all of its functions. The parties will not be permitted to obtain by ·indirection what they could not, under the law, obtain through direct means."

See, also, Alpha Petroleum Company v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372, wherein it is held that the provision requiring notice and a hearing before granting an injunction restraining enforcement of the Railroad Commission's rules, regulations, or orders is held to be mandatory; and that a temporary injunction granted in violation of the statute is void.

The trial court erred in granting the aforesaid temporary injunction, because it was granted without notice to the Railroad Commission, or a hearing thereof as required by the statute; and the order granting the temporary injunction is dissolved, and the cause is remanded.

Injunction dissolved, and cause remanded.