**H. P. DUFF et al., Appellants,**

v.

**F. L. CISCO'S ADM'R et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 16, 1956.

Rehearing Denied March 15, 1957.

Claude P. Stephens, Prestonsburg, Weldon Shouse, Jesse K. Lewis, Lexington, for appellants.

Leo T. Wolford, Louisville, for appellee Fidelity & Deposit Co. of Maryland.

W. E. Faulkner, Hazard, for appellee F. L. Cisco's Adm'r.

WADDILL, Commissioner.

On November 15, 1928, the Perry Bank & Trust Company of Hazard closed and placed its affairs in the custody of the State Banking Department. F. L. Cisco, Deputy Banking Commissioner was assigned to liquidate the bank. Cisco's final settlement was approved by the circuit court and he and his surety, Fidelity & Deposit Company of Maryland, were discharged in May, 1938.

Between 1941 and 1943, three separate suits were filed in the Perry Circuit Court against F. L. Cisco by creditors of the Perry Bank & Trust Company charging violations of duty on the part of Cisco in failing to collect certain alleged assets of the insolvent bank. These actions sought to surcharge the liquidator's final settlement and prayed for judgments against him and his surety in substantial sums.

In 1954, after these cases had been consolidated and had been passed on to some extent by several special judges, judgment was entered dismissing the action. The ground for dismissal was the failure to make the State Banking Commissioner a party to the action.

Under the Statute, which was in effect when the Perry Bank & Trust Company closed in 1928, Acts 1912, c. 4, § 16; Ky. Statute, § 165a–16; presently KRS 287.560, the state banking commissioner had exclusive jurisdiction in the liquidation of insolvent banks. Young v. Bankers' Trust Co.'s Receiver, 250 Ky. 1, 61 S.W.2d 904; Wilson v. Louisville Trust Co., 242 Ky. 432, 46 S.W.2d 767; Commonwealth ex rel. Denny v. Hargis Bank & Trust Co., 233 Ky.

801, 26 S.W.2d 1045; Cartmell v. Commercial Bank & Trust Co., 153 Ky. 798, 156 S.W. 1048. And, in construing this statute, this Court held that the banking commissioner was an indispensable party to an action brought against his deputy before final settlement and discharge. Williams v. Byrd, 263 Ky. 438, 92 S.W.2d 783; Tipton's Adm'x v. Ball, 256 Ky. 816, 77 S.W.2d 50; Ball v. Tipton, 242 Ky. 181, 45 S.W.2d 1044. Hence, the question presented by this appeal is whether or not a creditor of an insolvent bank may maintain a suit against a deputy banking commissioner for alleged violations of duty in the collection and liquidation of the bank's assets, after final settlement and discharge, without joining the state banking commissioner as a party to the action.

The question now raised has not heretofore been directly passed upon by this Court. However, the circuit court held that the cases holding the banking commissioner to be an indispensable party during liquidation were applicable to the case at bar, and as a reason for their application, said:

"The statute rests the duty of liquidating insolvent banks exclusively in the banking commissioner. The courts have no authority to liquidate such insolvent institutions. If the plaintiffs were to recover any sum as a result of these actions, the liquidation of the bank would be reopened and the banking commissioner would be required to make another distribution of funds. Therefore, not being a party, the court could not order or direct that official in any manner. * * *."

The reasoning of the circuit court seems to be sound. In suits of this character the general rule appears to be that an action may not be maintained against a subordinate official without joining his superior as a party if the relief sought will require such superior to take action, either by exercising directly a power lodged in him or by having a subordinate exercise it for him. In such cases the superior official is an indispensable party. See, Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Warner Valley Stock Co. v. Smith, 165 U.S. 28, 17 S.Ct. 225, 41 L.Ed. 621; May v. Maurer, 10 Cir., 185 F.2d 475.

Certainly the successful prosecution of this case would cause the state banking commissioner to take further action. Therefore, we think the circuit court was correct in deciding that the state banking commissioner was an indispensable party to the action.

Judgment affirmed.