**BOYD & USHER TRANSPORT et al.,**
Appellants,

v.

**SOUTHERN TANK LINES, INC.,** Appellee.

Court of Appeals of Kentucky.

Jan. 16, 1959.

Ollie L. Merchant, Louisville, for appellant.

Hubert T. Willis, Louisville, George M. Catlett, Frankfort (Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, of counsel), for appellee.

CLAY, Commissioner.

This is an appeal by several transportation companies from a judgment of the Franklin Circuit Court setting aside an order of the Department of Motor Transportation. Southern Tank Lines, Inc. is the only designated appellee, and it has moved to dismiss the appeal on the ground that the Department of Motor Transportation was a necessary or indispensable party. On this record the motion is well taken, and the appeal must be dismissed.

These proceedings were initiated when Southern (formerly Gasoline Transport Co.) filed with the Department, pursuant to KRS 281.690, a new tariff schedule in January 1957. Appellants appeared as protestants, and after extensive hearings, the Department denied certain tariffs. Southern thereupon, pursuant to KRS 281.780, appealed this order to the Franklin Circuit Court, designating the Department as the "defendant-appellee". On motion made in the Franklin Circuit Court appellants (who probably should have been made appellees in Southern's appeal) were permitted to intervene.

After a hearing on Southern's appeal the circuit court entered a judgment vacating the Department's order and remanding the case for further consistent proceedings by the Department. From this judgment appellants, pursuant to KRS 281.785 (4), brought the present appeal. As before mentioned, the Department was not made an appellee.

Unfortunately the controlling statutes (KRS 281.780 and 281.785) do not clearly specify what part the Department, as a party, shall take in the appeal proceedings. KRS 281.780(3) provides (in a backhanded way) that the Department shall be served with summons, but whether this is simply for the purpose of having the record transferred or to automatically make it a party to the appeal is not certain. KRS 281.785 (1) provides: "The department * * * may appear in the proceedings in the circuit court on an appeal". Subsection (4)

of this statute authorizes "any party" to appeal to this Court, but does not prescribe who shall be made appellees. (It is to be hoped that someday the legislature may more specifically detail the appeal procedure, particularly, as will hereafter be noted, to designate some official or agency of the Commonwealth to represent the public interest in proceedings of this nature.)

We will not undertake to decide whether or not the Department *must* be made a party on an appeal to the Franklin Circuit Court, although this would appear the better practice. As heretofore mentioned, it would seem appropriate that someone should represent the Commonwealth or the public interest in such proceeding. (Under federal law in actions involving review of the orders of the Interstate Commerce Commission, the United States must be made a party. Section 2322, Title 28 U.S.C.A.)

■ The fact remains that Southern, on its appeal to the circuit court, did make the Department a party appellee. We believe that KRS 281.785(1) authorizes such procedure and permits the Department to become a "party". We are likewise of the opinion that the Department could appeal to this Court from an adverse judgment of the circuit court as a "party" designated in KRS 281.785(4). The Department was then a proper party in the original appeal proceedings.

There appear to be two valid reasons why the Department, having been made a party to the appeal in the circuit court, would be an indispensable party on appeal to this Court. They are: (1) The Department has been made a representative of the public interest in the controversy, and (2) the Department will be directly affected by the final decision of this Court.

With respect to the first ground, the case of Rommell v. Walsh, 127 Conn. 16, 15 A.2d 6, is significant. Therein the court had to determine whether or not a municipal zoning board was a necessary and proper party to an appeal from one of its orders. Ap-

parently the Connecticut statute did not, as ours does, authorize this administrative agency to become a party. Even under these circumstances, the court held that the administrative agency was a necessary and proper party for the reason that in a controversy concerning its orders "there is a definite public interest to be protected". The court said, at page 9 of 15 A.2d:

" * * * while (these boards) have no direct interest in the litigation, it would be a logical conclusion that because of the function they perform, they should represent the public interest entrusted to them in appeals taken from their decisions".

The court went further to say that even if a particular controversy did not involve the public interest, such a board, being a proper party defendant at the institution of the proceedings, continued as such.

A similar question was presented to the Supreme Court of Texas in Board of Adjustment of City of Fort Worth v. Stovall, 147 Tex. 366, 216 S.W.2d 171. In upholding the right of an administrative agency to appeal, even in the absence of statutory authorization, the court said, 216 S.W.2d at page 173:

"The public, as well as the affected private parties, has an interest in upholding the order of the board if it is valid, and the board itself is the proper party to represent this public interest where its order is under review".

In Workmen's Compensation Board of Kentucky v. Abbott, 212 Ky. 123, 278 S.W. 533, 47 A.L.R. 789, we recognized that the Workmen's Compensation Board:

"represents the public in compensation adjustments with the imposed duty of safeguarding the purpose and intent of the act." 278 S.W. at page 539.

■ Appellants contend that the Department is not an *adversary* in these appeal proceedings, and that only adversary parties are necessary or indispensable par-

ties to an appeal. No authority is cited for this proposition and we do not believe it sound. An appeal for an order of an administrative agency is not in the strict sense an adversary proceeding, and we know of no principle which would limit the necessary parties to such an appeal to those having antagonistic interests.

█ A correlative argument is that since the administrative agency acts in a quasi-judicial capacity, its order is similar to that of a court, and consequently, as a disinterested adjudicating body, it is not a proper or necessary party in a proceeding to review it own decision. This ignores a fundamental distinction between the duties and functions of an administrative board and those of the court. As said in Rommell v. Walsh, 127 Conn. 16, 15 A.2d 6, 9:

"Administrative boards differ radically from courts because frequently in the performance of their duties they are representing such (public) interests, whereas courts are concerned with litigating the rights of parties with adverse interests who appear before them. Appeals taken from decisions of such boards are in a very different category than are appeals taken from a lower to a higher court, where the lower court, having acted, ceases to have any interest in the controversy, direct or representative. An appeal from an administrative board is not the means by which jurisdiction of a cause is transferred from one tribunal to another, but is a process by which a court may be called upon, not to substitute its judgment for that of the board, but to determine whether the latter has acted legally and in a proper exercise of the discretion vested in it."

█ It is apparent that an administrative agency of this type, while necessarily adjudicating the rights of an applicant, performs important functions of carrying out legislative policy and protecting the public interest. Both the public and the Department have a recognized concern in sustaining its order. Simple justice demands that, after having been made a party to appeal proceedings, the Department thereafter should have the opportunity to present its reasons before an appellate court why its order should be upheld. In L. P. & B. Oil Corporation v. Gulf Oil Corporation, Tex.Civ.App., 115 S.W.2d 1034, it was held that the Texas Railroad Commission was a necessary party to a proceeding between two other parties where one of its orders was brought in question.

We conclude that the Department, having been made a party to the original appeal proceedings as a representative of the public interest, constitutes an indispensable party on an appeal to this Court.

The second reason why the Department has become an indisensable party is that, having been made a party to the appeal in the circuit court, it will necessarily be affected and controlled as such by the final decision of this Court. In Murphy v. O'Reiley, 78 Ky. 263, 264, this rule is laid down:

"Whoever is a party to the record in the court below, and would be a necessary party to any further proceedings after the reversal of the judgment, must be a party to the appeal."

That principle was followed in Land v. Salem Bank, 279 Ky. 449, 130 S.W.2d 818.

In Duff v. Cisco's Adm'r, Ky., 299 S.W. 2d 99, we held that the State Banking Commissioner was an indispensable party in a proceeding against one of his deputies, since the relief sought would require action upon the Commissioner's part.

In Monticello Electric Plant Board v. Board of Education of Wayne County, Ky., 310 S.W.2d 272, we held the Kentucky Tax Commission to be an essential party to an appeal, since action on its part was sought to be controlled by the judgment.

It seems obvious that the functions and duties of the Department will be directly

affected by our decision on this appeal. Under the circumstances, and for proper procedural purposes, the Department should be before this Court.

For the reasons stated, we are of the opinion that the Department of Motor Transportation was an indispensable party to this appeal, and since it was not made a party, the appeal must be dismissed.

The appeal is dismissed.