**Doris COGHILL, Appellant**

v.

**COMMONWEALTH of Kentucky, ex rel. KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION; and Appalachian Regional Healthcare, Inc., Appellees.**

**No. 2012–CA–000428–MR.**

Court of Appeals of Kentucky.

June 14, 2013.

Case Ordered Published by Court of Appeals Aug. 9, 2013.

Benjamin J. Lookofsky, Lexington, KY, for appellant.

James C. Maxson, Frankfort, KY, W. Kevin Smith, Oliver B. Rutherford, Louisville, KY, for appellee.

Before LAMBERT, MOORE, and TAYLOR Judges.

## OPINION

MOORE, Judge:

Doris Coghill appeals the order of the Perry Circuit Court dismissing her complaint seeking judicial review of the determination of the Kentucky Unemployment Insurance Commission (KUIC) which affirmed the ALJ's denial of unemployment insurance benefits. We affirm.

On October 26, 2010, the Kentucky Unemployment Insurance Commission determined that Coghill was not eligible for unemployment benefits because she was "discharged for misconduct connected with work." Thereafter, on November 10, 2010, Coghill sought judicial review pursuant to KRS [1] 341.450(1), by filing a complaint in the Perry Circuit Court (2010–CI–00598). However, Coghill's complaint was not verified as required by KRS 341.450(1). Consequently, the circuit court properly dismissed the action.[2]

On May 4, 2011, Coghill filed a second and nearly identical complaint in the Perry Circuit Court again seeking judicial review of the KUIC's October 26, 2010 denial of unemployment insurance benefits (2011–CI–00218). Coghill claimed that, despite the requirement in KRS 341.450 that a verified complaint for judicial review be filed within twenty (20) days after the date of the KUIC's decision, her appeal was nevertheless timely pursuant to the "sav-

---

1. Kentucky Revised Statute.

2. Coghill timely appealed this dismissal. She thereafter filed a motion to dismiss the appeal, which was granted.

ings statute" found in KRS 413.270. Coghill also argued that KUIC should not be permitted to participate in any argument regarding dismissal of the action. The circuit court again dismissed Coghill's complaint and rejected her argument regarding KUIC's participation in the matter. Coghill now appeals.

■■■ "There is no appeal to the courts from an action of an administrative agency as a matter of right. When grace to appeal is granted by statute, a strict compliance with its terms is required." *Kentucky Unemployment Ins. Comm'n v. Carter*, 689 S.W.2d 360, 362 (Ky.1985) (citing *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky.1978)). KRS 341.450(1) permits judicial review of the decisions of KUIC via the circuit court when certain mandatory prerequisites are met including, *inter alia*, that a verified complaint is timely filed.

Recently the Kentucky Supreme Court again addressed compliance with KRS 341.450(1)'s verification requirement in *Taylor v. Kentucky Unemployment Ins. Comm'n*, 382 S.W.3d 826 (Ky.2012). Therein, the Court noted that "[i]t is a firmly rooted concept of law in this state that the courts have no jurisdiction over an appeal from an administrative agency action unless every statutory precondition is satisfied." *Id.* at 831 (note omitted).

■■ The savings statute has been applied in the administrative agency realm in cases wherein all statutory requirements were met to file the action, except that it was filed in the wrong forum. *See Jent v. Commonwealth*, 862 S.W.2d 318 (Ky.1993); *Cherry v. Augustus*, 245 S.W.3d 766 (Ky. App.2006). Coghill's case was not dismissed for this reason. Rather, Coghill's attempt to invoke the circuit court's jurisdiction failed for lack of verification as required under KRS 341.450(1). Given that strict compliance to invoke the circuit court's jurisdiction to review an agency decision is mandatory, Coghill did not properly commence an action to be "saved" via KRS 413.070.

■■ Coghill also contends that KUIC, although a necessary party, should not be permitted to "argue either side of the question now before the Court." Coghill cites no authority in her brief to support this assertion. Conversely, KRS 341.450(2) clearly directs the KUIC to file an answer to a complaint seeking judicial review of its decisions and also provides for representation by a qualified attorney. "Simple justice demands that, after having been made a party to appeal proceedings, the [administrative body] thereafter should have the opportunity to present its reasons before an appellate court why its order should be upheld." *Boyd & Usher Transport v. Southern Tank Lines, Inc.*, 320 S.W.2d 120, 123 (Ky.1959). Coghill also suggests that, because the KUIC acts in a quasi-judicial capacity similar to a court, it should not be permitted to participate in the judicial review of its decision. This notion has been squarely rejected, because it "ignores a fundamental distinction between the duties and functions an administrative board and those of a court." *Id.*

For the aforementioned reasons, we affirm.

ALL CONCUR.