# Land v. Salem Bank.

June 23, 1939.

Chas. H. Wilson, Judge.

Berry & Reed and H. Pate Wells for appellants.

Charles Ferguson for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Dismissing appeal.

W. S. Land is appealing from a judgment setting aside and holding void a deed from J. C. Sullivant and wife to him, dated February 19, 1934, and purporting to convey three tracts of land containing altogether approximately 316 acres.

The action was instituted by the Salem Bank against J. C. Sullivant and wife, W. S. Land and wife, and five other defendants, the petition setting up five notes against J. C. Sullivant and the defendants, other than those above named, which had been executed to the bank prior to the time the deed to Land was made. Apparently J. C. Sullivant was the principal in some of these notes and surety in others. It also set up a judgment for $1,469 rendered April 13, 1932, in its favor against A. F. Ward, T. L. Sullivant and J. C. Sullivant, in an action of the Louisville Joint Stock Land Bank against A. F. Ward, et al., in which it was adjudged that the Louisville Joint Stock Land Bank had a first lien on

certain land of A. F. Ward and that the Salem Bank had a second lien to secure their respective indebtedness and the land was ordered sold to satisfy the indebtedness. The record does not disclose what further proceedings were had for the enforcement of the judgment in that action. The entire indebtedness asserted against J. C. Sullivant and the other defendants who were parties to the notes and judgment aggregated something over $3,500. It was further alleged in the petition that the conveyance from Sullivant and wife to W. S. Land was made without valuable consideration and with intent to delay, hinder and defraud the creditors of Sullivant. It prayed judgment for the amount of the indebtedness set out against defendants and that the deed from Sullivant and wife to Land be set aside and held for nought; that it be adjudged a lien against the real estate described in the deed and in the petition and for the enforcement of the lien, etc.

Plaintiff filed a lis pendens notice as provided by law and later by amended petition made Allie Hughes and Calvin Corley parties, alleging that after the institution of the action and the filing of the lis pendens notice, W. S. Land and wife executed a mortgage to Hughes and Corley on the land in controversy and asked that that mortgage be cancelled and set aside; and later in a second amended petition found in the record with a notation that same was controverted, the bank and the trustee in bankruptcy of J. C. Sullivant, who had intervened, alleged that if the conveyance complained of was made for a valuable or any consideration (which was denied), it was so made and the property so conveyed with notice to the grantee of the fraudulent intent of the grantor; that the grantee knew of facts that would have put him on inquiry and were sufficient to constitute notice to him and that the consideration was insufficient and constituted notice of fraud.

By answer to the original petition, W. S. Land traversed the allegations thereof and alleged in substance that he purchased the land in controversy for a valuable consideration and without notice of any purpose of the grantor to cheat, hinder and delay his creditors and without knowledge of facts that would bring notice of such to him.

Allie Hughes and Calvin Corley by their separate answers denied the allegations of the second amended

petition as against them. T. M. Vickers, administrator of the estate of A. M. Robertson, deceased, filed an intervening petition alleging that J. C. Sullivant was indebted to the estate of his decedent in a sum set forth in the petition and adopted the allegations and statements of the bank of Salem as his allegations, petition and statement and asked that the deed be set aside for his use and benefit as well as for the bank of Salem and other parties in interest. The affirmative allegations of the answers were controverted by reply.

A short time after the deed in controversy was executed, J. C. Sullivant filed a petition in bankruptcy and John Quartermous, president of the Salem Bank, was appointed trustee for him and under authority granted by the referee in bankruptcy filed an intervening petition and adopted the petition of the Salem Bank and made same his petition and complaint as well as that of the Salem Bank and further elaborated the allegations with respect to fraud.

In addition to adjudging that the deed from J. C. Sullivant and wife to W. S. Land to be null and void and that same be set aside and held for nought, it was adjudged that the bank recover of J. C. Sullivant and others the various sums sued for and that the bank should share in the distribution of the proceeds of the sale directed to be made of the property set up and referred to in its petition; that since the institution of the action J. C. Sullivant had filed a petition in bankruptcy and had been adjudged a bankrupt and that John Quartermous had been elected trustee of the bankrupt estate and was authorized to intervene in the suit and had filed an intervening petition seeking the same relief sought by the plaintiff bank and that he be made a party plaintiff jointly with the bank; that in the distribution of the proceeds of the property adjudged to be sold all unsecured creditors share in the distribution thereof pro rata including items adjudged as above indicated and including all claims filed in the bankrupt proceedings of J. C. Sullivant; that before making distribution the trustee should ascertain a list of all claims if there should be any additional claims not shown by the record; that if there should be any claims not included in the judgment filed against the bankrupt estate secured by mortgage or otherwise the lien should first be enforced and then the remainder of the indebtedness, if any, should pro rate with the general unsecured claims

against the bankrupt. It was further ordered and adjudged that the trustee in bankruptcy, John Quartermous, might proceed in accordance with the orders and judgments of the bankruptcy court and under such orders as the referee or the United States District Court might make in selling and disposing of real estate described in the judgment for the purpose of making settlement and apportioning same upon the debts and obligations of J. C. Sullivant; or, if it be found necessary, or was desired, such supplemental judgment might be entered in this action directing and ordering a sale of the property; that the mortgage executed by appellant and wife to Allie Hughes and Calvin Corley be set aside, cancelled and held for nought.

In the statement of appeal W. S. Land alone is made appellant and the Salem Bank alone is made appellee. A motion to dismiss the appeal has been passed to the merits. Since there was no response to this motion and no reference to it in the original briefs filed by the parties, it was overlooked when the appeal was first considered, but on petition for rehearing attention was called to it and the grounds upon which it was made. Receipt of a copy of the motion was acknowledged by counsel for appellant on March 2, 1938. The basis for the motion is that interested and necessary parties were not joined or made appellees in the statement of appeal. As will be seen from our statement of the case and the substance of the judgment, John Quartermous, the trustee in bankruptcy, and others, were parties below and were necessary parties to the appeal and to any further proceedings had in the event of reversal. This court in construing Section 739 of the Civil Code of Practice relating to the statement of appeal has without exception held that unless a party to an action is specifically mentioned in the statement either as appellant or appellee he is not a party to the appeal. See Tandy et al. v. Wolfe, 270 Ky. 556, 110 S. W. (2d) 277, and authorities therein cited.

At no time since the motion to dismiss the appeal was entered has the appellant filed or tendered or offered to file an amended statement of appeal although attention was again called to the motion and the grounds upon which it was made when the petition for rehearing was filed. Counsel for appellant in response to the petition for rehearing did ask leave to file an amended statement of appeal but none was offered and when the

matter was taken up and considered it was then too late for an amended statement to be of any avail if it had been offered.

In Miller's Appellate Practice, Section 82, p. 144, it is said:

"Great care, however, should be exercised in making the proper parties appellees in the statement, as the appeal will be dismissed if submitted without the necessary parties being joined as appellees. For example, a judgment to sell land is an entirety, and cannot be reversed as to one of those in whose favor it was rendered without reversing as to both, and consequently, unless both are made appellees, the appeal must be dismissed."

In Murphy v. O'Reiley, 78 Ky. 263, it is said:

"Whoever is a party to the record in the court below, and would be a necessary party to any further proceedings after the reversal of the judgment, must be a party to the appeal."

For the reason indicated, the motion to dismiss the appeal must be and is sustained and the appeal dismissed.