**Clifton RILEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, DEPART- MENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1963.

As Modified on Denial of Rehearing

Feb. 14, 1964.

Don A. Ward, Hazard, for appellant.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Jarvis Allen, Pikeville, for appellee.

PALMORE, Judge.

Clifton Riley, one of several codefendants in a highway condemnation proceeding, appeals a judgment of the circuit court dismissing his appeal from county court because he failed to name some of his codefendants as parties to the appeal. The contention of the state, in which the circuit court concurred, is that the codefendants were indispensable parties and that if they declined to join as appellants they should have been joined with the state as appellees.

The action originated in the Perry County Court under KRS 177.081 to 177.089. Clifton Riley, widower, Juanita Smith and husband, Daily Smith, Jasper Wright, Jr., and wife, Irene Wright, and Nora Lyons and husband, Cecil Lyons, were named as the defendants. The petition alleged that they were the owners of the land designated to be taken, but did not specify their respective interests. It would appear, however, from the source of title following the description of the property that Clifton Riley, Juanita Smith, Jasper Wright, Jr., and Nora Lyons, whatever may have been their fractional shares, were tenants in common.

The county court commissioners made an award of $1700. Riley and the Smiths filed a joint answer contesting the state's right to condemn and the amount of the award. The Wrights and Lyonses did not appear. The county court entered judgment sustaining the right to condemn and confirming the report of commissioners. Neither the judgment nor the report of commissioners fixed the interests of the respective defendants in the land or in the amount of the award.

Riley and the Smiths appealed to the Perry Circuit Court, stating as grounds that the compensation was inadequate and that it was unnecessary, and therefore illegal, for the state to condemn more of their property than was reasonably necessary for the building of a highway. None of the other parties appealed.

One of the expressly requisite components of an appeal to the circuit court pursuant to KRS 177.087 is "a statement of the parties to the appeal." In this case the statement of appeal clearly designated Riley and the Smiths, by name, as the parties who were appealing, referred to them as "defendants," and requested that summons be issued and executed upon "the plaintiff." The state having been the only "plaintiff," there could not have been any question as to who was the appellee. We therefore hold that there was a sufficient statement of the parties to the appeal.

It seems to be a general rule that if a review is sought by one or more parties against whom a judgment has been rendered, the appealing party or parties need not join coplaintiffs or codefendants unless they will be affected by the appeal. 4 C.J.S. Appeal & Error § 393, p. 1331 et seq. The liberal policy prevailing in this jurisdiction is exemplified in CR 73.01(2), which provides as follows:

"Parties interested jointly, severally, or otherwise in a judgment or final order may join in an appeal therefrom; or any one or more of them

may appeal separately, or any two or more of them may join in an appeal."

The foregoing rule applies only to appeals to this court, but in the absence of some express provision to the contrary there is no reason why the same policy should not govern appeals to circuit courts as well.

White v. Commonwealth, Ky., 287 S.W. 2d 625 (1955), and Land v. Salem Bank, 279 Ky. 449, 130 S.W.2d 818 (1939), were cases in which the statements of appeal failed to designate the appellees. They are not applicable to the question before us in this case.

 If the Wrights and Lyonses were satisfied with the county court award, no useful purpose would have been served by their being drawn involuntarily into the circuit court proceeding. Upon failure to appeal they lost the right to contest either the state's right to condemn or the adequacy of the award. Their fractional interests in the property were severable from Riley's and Mrs. Smith's. The correct procedure is for the jury to assess the difference in market value of the property before and after the taking (Commonwealth Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844), after which judgment should be entered in favor of Riley[1] for the difference multiplied by the fractional interest to which he establishes title. Whether the specific quantum of title owned by him be ascertained before or after the trial on damages is immaterial, though it must, of course, be determined before final adjudication of the sum he is entitled to collect.

We recognize the possibility of the state's being in an ambiguous position in the unlikely event[2] the circuit court should adjudge that it does not have the right to condemn all of the property described in the county court petition. As against the non-appealing parties this right is settled and concluded, and if the state has deposited the amount of the award and thus permitted a partial distribution, to some extent at least the money so distributed may have been wasted. However, it was not incumbent on the state to take possession while its right to condemn was still being litigated by one of the owners.[3]

The order of the circuit court dismissing the appeal of Riley and the Smiths was dated March 12, 1962.[4] Included in the transcript are copies of two subsequent orders of the *county* court dated March 13 and 14, 1962. One of them purports to be an agreed order (1) permitting the Smiths, in full payment for their interest in the property taken, to withdraw $300 of $1700 theretofore deposited by the state with the county court clerk, and (2) dismissing them as parties to the action. The other recites that Nora Lyons and Jasper Wright, Jr., desire to accept $300 in full payment for their interest in the property and directs the clerk to pay that amount to them.

 Under CR 5.05 it is not necessary that the "filing" of a paper be noted by order. This does not mean, however, that anything handed to the clerk becomes a proper matter for consideration by the court. In this instance the copies of the county court orders were not introduced in the circuit court proceeding through or as part of any pleading, motion, or other document required or permitted by the Civil Rules, nor was an order entered to evince their admission and purpose.

1. The Smiths, having failed to join in the appeal to this court, are now in the same position as the Wrights and Lyonses, bound by the county court judgment.

2. Cf. Commonwealth Dept. of Highways v. Burchett, Ky., 367 S.W.2d 262, 264 (1963).

3. In litigating with less than all of the owners or claimants the state is in much the same position as if it had settled out of court with the others.

4. The circuit clerk's transcript is defective in that it fails to show when this order and several of the other papers in the case were filed in her office.

Therefore, their presence in the record provided no occasion or basis for any action by the trial court, and they are irrelevant to this review. We make no attempt to determine their validity or effect.

The judgment is reversed for further proceedings consistent with this opinion.

