COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

S. B. KELLEY et al., Appellees.

Court of Appeals of Kentucky.

March 6, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., H. C. Smith, Lexington, for appellant.

C. Gibson Downing, I. Jay Miller, Lexington, for appellees.

MOREMEN, Judge.

This is an action by the Commonwealth of Kentucky to condemn a tract of land in Fayette County. After judgment in the county court both parties appealed to the circuit court where it was held that the Commonwealth had not perfected its appeal because it had failed to join as a party appellee, John E. Kelley, who was an indispensable party.

The property sought to be condemned had been devised to S. B. Kelley for life with remainder in fee simple to his issue and in default of issue to the then existing heirs at law of the testator as determined at the time of the death of S. B. Kelley. At the commencement of this action John E. Kelley was the only child of S. B. Kelley. Both parties agreed that John E. Kelley was an indispensable party to the action. He was made a party in the county court.

The right of appeal is granted by subsection (1) of KRS 177.087, which reads in part:

"Within thirty days from the date of a judgment authorizing the petitioner to take possession of the land or material, an appeal may be taken to the circuit court by either or both parties by filing with the clerk of the circuit court a certified copy of the judgment, a statement of the parties to the appeal, and any exceptions the appellant has to the award made by the commissioners."

It must be remarked that the foregoing statute requires "a statement of the parties to the appeal."

The Commonwealth filed in the circuit court the judgment of the Fayette County Court and a statement of appeal wherein

it was said that "the parties to this appeal are as above captioned." John E. Kelley was not named in the caption. According to the court's judgment and findings of fact appellant (Commonwealth) delivered to the clerk of the Fayette Circuit Court "form summonses prepared by appellant for signature of the Clerk for the parties appellees, which summonses included a summon herein in the name of John E. Kelley."

Under the foregoing state of facts, the circuit court was of opinion that J. E. Kelley, an indispensable party, was not before the court and dismissed the appeal.

In White v. Commonwealth, Ky., 287 S.W.2d 625, the landowners failed to file a statement of the parties to the appeal. It was held that the right of appeal is purely statutory and one who seeks to avail himself of it must comply with the conditions set forth by the General Assembly and when a party fails so to do the court should dismiss the appeal. It was indicated in the opinion, however, that a statement of the parties to the appeal was necessary in order that the circuit court clerk might know against whom to issue summons when the appeal was filed with him. Because of this statement in that opinion, it is argued here that if the parties had been summoned in the White case, dismissal of the appeal would not have been permitted. The Commonwealth takes the position that the controlling factor is whether summons has been issued and that the requirement of the statute that all of the parties be designated is not a controlling condition precedent to the appeal.

In Commonwealth ex rel. Curlin v. Taylor, Ky., 279 S.W.2d 813, a condemnation proceeding instituted by the Commonwealth, a judgment was entered in the county court. On the same day the Commonwealth filed in the circuit court a statement of appeal, exceptions to the award and a certified copy of the judgment entered in the county court. The appellees were not summoned to appear until about ninety-five days after the appeal was filed. The circuit court sustained a motion to dismiss on the ground that it was without jurisdiction to hear the appeal because it had not been perfected within thirty days. This Court reversed, holding that the Commonwealth had taken the necessary steps to perfect the appeal and that the circuit court had jurisdiction of the case although summons was not issued within the thirty day period. It was pointed out that if the appellees had made a timely motion under CR 72.04, perhaps the circuit court could have properly dismissed the appeal.

■ We think the trial court properly dismissed the appeal in the instant case because the issuance of the summons did not cure the failure to file a statement of the parties to the appeal as required by KRS 177.087.

Appellant relies upon Big Sandy Ry. Co. v. Dils, 120 Ky. 563, 87 S.W. 310 (1905) where an imperfect transcript was filed which did not contain a correct statement of the parties to the appeal. After thirty days had expired, the court allowed appellant to file a full statement of the parties to the appeal and a full transcript of the orders of the county court. This Court held that the circuit court properly permitted appellant to file a full statement of the parties. However, in many cases since that time—and particularly in cases where the statement of appeal provides in its body that the parties to the appeal are as named in the caption, and the caption names but one party and attempts to include other parties with the expression "et al"—this Court has held that the only parties to the appeal are those specifically named. See: Hargis v. W. T. Congleton Co., 252 Ky. 192, 194, 66 S.W.2d 98 (1934); Bard v. Board of Drainage Commissioners, 274 Ky. 491, 118 S.W.2d 1013 (1938); Kramer v. Kramer, 280 Ky. 189, 132 S.W.2d 955 (1939); Land v. Salem Bank, 279 Ky. 449, 130 S.W.2d 818 (1939); Louisville & N. R. Co. v. Caudill, 302 Ky. 255, 194 S.W.2d 508. (In this case an attempt is made to distinguish it from the facts in the Big Sandy Ry. Co. v. Dils, 120 Ky. 563, 87 S.W. 310).

After a review of our later cases in connection with the Dils case we find we are unable to reconcile it with the cases which have followed. Therefore, so much of the opinion in the case of Big Sandy Ry. Co. v. Dils which deals with the question concerning proper appeal, is overruled.

The appellant also argues that the error was clerical in nature and was corrected by appellant's tender of an amended statement of appeal after the time for taking the appeal had elapsed. We cannot agree. The complete failure to name a party amounts to more than a clerical error. It is not necessary, in some cases, to make all parties to the action in the county court parties to an appeal—hence the duty upon the appellant to point out those with whom he wishes to litigate is not too onerous. The converse is also true. One of several co-defendants in a highway condemnation proceeding may appeal without joining all of his co-defendants as parties to the appeal. Riley v. Commonwealth Department of Highways, Ky., 375 S.W.2d 245 (1963).

Judgment affirmed.