COMMONWEALTH of Kentucky, DEPARTMENT of FINANCE, DIVISION of PRINTING, Appellant,

v.

Janice Arnold DRURY; Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 92–SC–338–WC.

Supreme Court of Kentucky.

Dec. 17, 1992.

Rehearing Denied March 18, 1993.

Thomas L. Ferreri, Ferreri & Fogle, Lexington, for appellant.

Marcel Smith, Kincaid, Wilson, Schaeffer, Hembree Van Inwegen & Kinser, PSC, Lexington, for appellee Drury.

## OPINION OF THE COURT

The issue in this workers' compensation case involves the failure of appellant, Commonwealth of Kentucky, Department of Finance, to name the Special Fund in its appeal to the Workers' Compensation Board (Board). The Board ruled that the failure to name an indispensable party was fatal and therefore dismissed the appeal. The dismissal was affirmed by the Court of Appeals.

The claimant, appellee herein, injured her right hand in a binding machine during the course of her employment with appellant. Prior to this accident, her right index finger had been amputated following an unrelated accident. Claimant's treating physician stated in his deposition that she suffered from reflex sympathetic dystrophy, which could be caused by certain personality traits. Dr. Leslie also stated that part of claimant's condition was due to multiple prior traumas to her right hand. Following this testimony, claimant filed a motion to join the Special Fund as a party on the basis that Dr. Leslie's deposition supported an arousal theory pursuant to KRS 342.-120(2)(b). Appellant joined in this motion, and the Special Fund was joined by order rendered July 6, 1990.

The appellant was granted proof time through August 8, 1990, during which time it had claimant evaluated by Dr. Daniel Primm. On August 1, 1990, appellant requested an extension of time to complete its proof so that Dr. Primm could be deposed on September 5, 1990. Although the Administrative Law Judge (ALJ) denied the motion for an extension of time, appellant proceeded with the deposition and later maintained that it never received the ALJ's order denying.

At the prehearing conference on September 10, 1990, the ALJ ruled that Dr. Primm's deposition was inadmissible evidence. The only remaining medical evidence was the testimony of Dr. Leslie who was never asked whether any portion of the disability rating was due to an arousal of the preexisting, dormant condition. The ALJ, therefore, dismissed the Special Fund as a party to the action since there was no evidence actually apportioning any impairment under an arousal theory.

On September 11, 1990, appellant again moved to submit the deposition of Dr. Primm and to join the Special Fund as a party based upon that testimony. The ALJ denied the motion to submit the deposition and passed ruling on the motion to join the Special Fund until a consideration of Dr. Primm's live testimony at the hearing.

Dr. Primm testified at the hearing that claimant suffered from reflex sympathetic dystrophy and assessed 8% functional impairment. He also testified that her previous condition combined with the impairment resulting from the work injury would result in disability. However, he was apparently unable to assign precise mathematical figures. The ALJ denied appellant's motion to join the Special Fund, ruling primarily that the motion to join was untimely, but also indicating that Dr. Primm's testimony did not establish arousal.

The ALJ found that claimant was totally disabled and rendered an award on October 23, 1990. Appellant filed two petitions for reconsideration of the ALJ's decision. The ALJ subsequently entered an order correcting certain clerical and mathematical errors in the calculation of benefits. However, the ALJ overruled appellant's petition to name the Special Fund as a party-defendant.

Appellant filed its notice of appeal with the Board naming claimant and the ALJ as respondents. Appellant argued before the Board that the ALJ's decision to dismiss the Special Fund was erroneous. The Board agreed with the appellant that the ALJ incorrectly ruled that the motion to join was untimely pursuant to KRS 342.-120(2). That statute specifies that the Special Fund should be named as a party by motion not later than forty-five (45) days prior to the first scheduled prehearing conference, unless there is a showing of good cause. Because the Special Fund was properly joined as a party to this action well in advance of the prehearing conference, and therefore had the opportunity to participate in the taking of proof, the Board stated that the fact that the Special Fund was not dismissed until the prehearing conference "certainly constitutes good cause to excuse [appellant's] subsequent motion to again join the Special Fund."

Regardless of this, however, the Board ruled that the ALJ's determination must be affirmed on other grounds. 803 KAR 25:011(12)(2), governing appeals to the Board, provides that if appropriate, the Special Fund shall be named as respondent pursuant to KRS 342.316(10)(b). The Board stated, "[w]e cannot conceive of a more 'appropriate' circumstance to name the Special Fund as a respondent as when the entire appeal relates to a claim of Special Fund liability." Therefore, appellant's failure to name the Special Fund as a party to the appeal was deemed fatal.

Appellant argued before the Court of Appeals that the Special Fund was not a party to the original action at the time of the appeal, and the Special Fund was therefore not a necessary party. However, citing *Milligan v. Schenley Distillers, Inc.*, Ky.App., 584 S.W.2d 751 (1979), the court recognized that the Special Fund must be made a party to an appeal when the Special Fund's liability is under consideration. The court stated:

Although the primary relief sought was to remand the case back to the ALJ, the Special Fund would still be affected. Its liability was under at least indirect consideration in the appeal since there was a question regarding the ALJ's consideration of Dr. Primm's testimony which the appellant claimed supported its belief that the Special Fund was liable. Thus, the Special Fund's presence was necessary. *See Braden v. Republic Vanguard Life Ins. Co.*, Ky., 657 S.W.2d 241, 243 (1983).

The Court of Appeals also pointed out that the Special Fund was a party at one point in the case before the ALJ, even though it was not a party when the ALJ issued her opinion. In affirming the Board's dismissal, the court concluded that "[i]f the case is reversed and remanded, it would clearly be a necessary party before the ALJ and thus the Special Fund must have been named as a party before the board. *See Land v. Salem Bank*, 279 Ky. 444, [449], 130 S.W.2d 818, 821 (1939)."

The appellant argues that the Board and Court of Appeals failed to focus upon the appeal process when determining the indispensableness of a party, and instead focused upon the trial level.

> The question . . . is not whether the trial court was correct in considering [the party] an indispensable party at the trial level. The question is whether it is indispensable in deciding [the] appeal.

*Braden v. Republic–Vanguard Life Insurance Co.*, Ky., 657 S.W.2d 241, 243 (1983).

Appellant maintains that the Special Fund was not an indispensable party to the appeal to the Board because the issue of Special Fund liability was not before the Board. The issues presented were: (1) whether adequate grounds were shown to make the Special Fund a party, and (2) whether the motion to make the Special Fund a party was timely.

In *Land v. Salem Bank*, 279 Ky. 449, 130 S.W.2d 818, 821 (1939), the Court relied upon the general rule that whoever is a party to the record in the court below, and would be a necessary party to any further proceedings after the reversal of the judgment, must be a party to the appeal. Although the Special Fund would be a necessary party if the case were remanded to the ALJ for apportionment, because the Special Fund was not a party of record, at least at the time the ALJ's opinion was rendered, the appellant insists that the first prong of the *Salem Bank* test was not met. However, it is that very point, the failure of the Special Fund to be renamed as a party-defendant, that formed the basis of the appellant's appeal to the Board. That issue could be resolved only by considering the adequacy of the evidence presented on Special Fund liability. "[I]t is only where this Court is being asked to rule on the Special Fund's liability that the Special Fund must be made a party to the appeal." *Milligan v. Schenley Distillers, Inc.*, Ky. App., 584 S.W.2d 751, 753 (1979).

The decision of the Court of Appeals affirming the Board's dismissal of the appeal is affirmed.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents.