OPINION OF THE COURT BY JUSTICE VENTERS
Appellants in this eminent domain action[1] all own a fee simple undivided fractional interest in a tract of land taken by the Commonwealth of Kentucky for a highway construction project. They appealed the jury verdict establishing the "just compensation"[2] paid for property to be taken. However, upon motion of the Commonwealth, the Court of Appeals dismissed their appeal because Appellants' notice of appeal failed to include the name of Edward Gravell (Edward).
Edward is the husband of Appellant Rose Mary Gravell, one of the tenants-in-common owning the property. As such, Edward indisputably owned, at the time of the taking, a vested curtesy interest in Rose's interest in the property. Edward's interest is an inchoate right, an expectancy of an interest or a future interest contingent upon his surviving Rose. See First Union Home Equity Bank, N.A. v. Bedford Loan and Deposit Bank, 111 S.W.3d 892, 894 (Ky. App. 2003). The Court of Appeals reasoned that Edward's interest in the property would be affected by the decision of the appellate court, and thus, according to Browning v. Preece , 392 S.W.3d 388 (Ky. 2013), he was an indispensable party. The failure to name an indispensable party in the notice of appeal is regarded as a judicial defect requiring dismissal of the appeal. City of Devondale v. Stallings, 795 S.W.2d 954 (Ky. 1990) ; CR 19.02.
We granted discretionary review because the Court of Appeals' opinion is contrary to applicable precedent: Riley v. Dept. of Highways, 375 S.W.2d 245 (Ky. 1963), authored by Judge (and later Justice) John Palmore, and Dept. of Highways v. Kelley, 376 S.W.2d 539 (Ky. 1964). Upon review, we conclude that Judge Palmore's opinion in Riley remains sound and applicable to the circumstances before us in this case. Accordingly, we reverse the order dismissing the appeal, and we remand the matter to the Court of Appeals for resolution of the appeal on the merits.
I. FACTUAL AND PROCEDURAL BACKGROUND
In November 2012, the Commonwealth of Kentucky, Transportation Cabinet, Department of Highways (Commonwealth)
*785 commenced a condemnation action seeking to acquire for roadway purposes 4.157 acres out of a 20.978-acre tract owned collectively in fee simple by Appellants. In addition to the Appellants listed herein, the Commonwealth's suit also named Edward Gravell as a defendant because he is the husband of Appellant Rose Mary Gravell and thus possessed an inchoate curtesy interest in the real property of his wife.
None of Appellants contested the Commonwealth's right to take the property under its powers of eminent domain, and so, pursuant to KRS 416.610, the trial court entered an interlocutory judgment allowing the taking. The Commissioners issued a report setting forth their appraisal of the just compensation to be paid. Neither Appellants nor the Commonwealth was satisfied with the Commissioner's report, and so, both filed exceptions challenging the Commissioners' valuation.
In due course, the case was tried before a jury which returned its verdict. In October 2014, the trial court entered a final order and judgment confirming the verdict of the jury. The judgment affirmed the Commonwealth's right to fee simple title to the property, and it fixed the compensation to be paid to Appellants for the taking.[3]
Dissatisfied with the jury's verdict, Appellants filed a notice of appeal, challenging the compensation awarded by the jury. The Commonwealth, apparently content with the jury's verdict, did not appeal. Appellants' notice of appeal named as parties to the appeal the Commonwealth, the fee simple co-owners, and all their respective spouses, except Edward Gravell. Based upon the omission of Edward Gravell as a party to the appeal, the Commonwealth moved to dismiss for failure to name an indispensable party.
Upon review, the Court of Appeals agreed that Edward Gravell was an indispensable party to the appeal. The Court of Appeals reasoned that "any decision of this court impacting the subject property-or its calculated value-would necessarily have a bearing on Edward Gravell's interest. However, he would not be bound by such decision as he would still be bound by the trial court's existing judgment."
We agree that Edward, having been excluded from the notice of appeal and not otherwise opting for himself to appeal the case, would be bound by the trial court's judgment. But, neither his interest in the award of just compensation rendered by the jury, nor the interest of any other party, including the Commonwealth, will be affected by his absence from the appeal.
II. ANALYSIS
Fundamental to our reasoning is the fact that all of the fractional interests of the respective owners, including the dower and curtesy owners, of the subject property, are readily ascertainable and none are in question. Even the fractional share of Edward's inchoate curtesy interest, contingent upon him surviving his wife, can be actuarially determined for a partition of the property. Mulligan v. Mulligan, 161 Ky. 628, 171 S.W. 420, 422 (Ky. 1914) ("[T]he amount of the Security Trust Company mortgage debt should have been deducted from the proceeds of the properties sold herein, in fixing the amount upon which to base the calculation of the value of the wife's inchoate right of dower.").
*786 The issue of whether the appeal was properly dismissed turns upon the question of whether Edward Gravell is an indispensable party at this stage of the proceeding. At first blush, one is tempted to assume that he is. But a closer review shows that such is not the case.
The ownership of the property or the fractional interest held by any party has not been an issue in this case. The only issue before the jury, and thus, the subject of the appeal, was the fair compensation to be paid collectively for the entire taking. Once that value was determined, the fractional interest of each party would be applied to the total compensation and each interest holder's compensation for the taking would be paid. What Judge Palmore explained in Riley is that the fractional interest owners need not be bound to the same total value of the property.
Riley is analogous to the instant litigation in every material way. In Riley , property subject to a highway condemnation action was owned in fee simple by several co-tenants, namely Clifton Riley, Juanita Smith, Jasper Wright, Jr., and Nora Lyons. Riley was not married, but each of the other co-tenants was married, and so, the spouse of each was named in the litigation to extinguish their respective dower or curtesy interests, just as occurred in this case. Pursuant to the eminent domain statutes in effect at the time, the preliminary procedures of a condemnation action originated in the county court, which no longer exists, with an appeal and jury trial in the circuit court, and eventually, if required, an appeal to the Court of Appeals, our predecessor court.[4]
After the court commissioners determined the just compensation to be paid for the taking, Riley and the Smiths filed exceptions to contest the award. The Wrights and Lyonses declined to participate. The county court entered judgment, sustaining the Commonwealth's right to take the property and confirming the report of commissioners.
Riley and the Smiths appealed to the circuit court, claiming the compensation award was inadequate and that the state condemned more of their property than was reasonably necessary for the planned highway. They did not name the Wrights and Lyonses as parties to the appeal. Like the Court of Appeals in the instant action, the circuit court in Riley dismissed the appeal for failure to name the Wrights and the Lyonses, deemed by the court to be indispensable parties. At this juncture, the Smiths acceded to the dismissal of the appeal and cosigned themselves to accept their fractional share of the compensation based upon the amount awarded by the jury. But Riley appealed further, to the Court of Appeals, then sitting as Kentucky's highest court.
Upon examination of the indispensable party issue, the Riley Court recognized, as we do today, that "if a review is sought by one or more parties against whom a judgment has been rendered, the appealing party or parties need not join coplaintiffs or codefendants unless they will be affected by the appeal. " Id. at 247 -(emphasis added).
Writing for a unanimous Court, Judge Palmore reasoned as follows:
If the Wrights and Lyonses were satisfied with the [lower] court award, no useful purpose would have been served by their being drawn involuntarily into the [appellate] proceeding. Upon failure to appeal they lost the right to contest *787 either the state's right to condemn or the adequacy of the award. Their fractional interests in the property were severable from Riley's and Mrs. Smith's. The correct procedure is for the jury to assess the difference in market value of the property before and after the taking ... after which judgment should be entered in favor of Riley for the difference multiplied by the fractional interest to which he establishes title. Whether the specific quantum of title owned by him be ascertained before or after the trial on damages is immaterial, though it must, of course, be determined before final adjudication of the sum he is entitled to collect.
We recognize the possibility of the state's being in an ambiguous position in the unlikely event the circuit court should adjudge that it does not have the right to condemn all of the property described in the county court petition. As against the non-appealing parties this right is settled and concluded, and if the state has deposited the amount of the award and thus permitted a partial distribution, to some extent at least the money so distributed may have been wasted. However, it was not incumbent on the state to take possession while its right to condemn was still being litigated by one of the owners.
Id. (emphasis added; footnotes omitted).
The rationale of Riley was followed in Dept. of Highways v. Kelley, 376 S.W.2d 539, 541 (Ky. 1964) ("One of several co-defendants in a highway condemnation proceeding may appeal without joining all of his co-defendants as parties to the appeal.").
The Riley Court further noted that the Smiths, having declined to join the appeal, were simply left in the same position as the Wrights and Lyonses, who declined to participate at all. That is, their compensation would be determined by applying their fractional interest in the property to the total valuation of the property established in the lower court. The Court noted that in litigating the appeal with fewer than all the fractional owners, the Commonwealth is in much the same position as if it had settled out of court with the others.
Judge Palmore's reasoning in Riley remains sound. When the Commonwealth, through its power of eminent domain, takes a parcel of real estate owned by multiple tenants-in-common and other fractional interest owners, those owners are not required to act in unison. As long as the proportionate fractional interests are not in dispute, the owners of those fractional interests can disagree on the value of the whole property, and thus, act independently according to their own judgment. Some may settle with the state and take their agreed compensation before the litigation is commenced. Some may choose to accept the commissioners' evaluation, while others file exceptions and litigate for a higher valuation. After the jury verdict, some owners of fractional interests may accept the valuation set by the jury, with their proportionate share to be based thereon, while others appeal the verdict seeking a retrial which may result in a greater or lesser amount.
As noted in Riley , for purposes of calculating the respective compensation of tenants-in-common or other fractional owners, the fractional interests in real property subject to condemnation are severable. Fractional share owners may, in their own discretion, appeal or decline to appeal as they deem to their best advantage; they are not bound to the same valuation and are free to settle with, or submit to, the condemning authority as they each may choose. Accordingly, they are not indispensable parties to the appeal. Co-tenants satisfied with the valuation fixed by the jury may accept the verdict, *788 and by binding themselves to the verdict, their compensation will not be affected by the outcome of the appeal. The appealing owners' ultimate compensation is not affected by what was paid to those not appealing.
The present case contains a factor not pertinent in Riley . Here, the non-appealing party, Edward, is not a tenant-in-common with the other owners. He owned a vested curtesy interest in the property at the time of the taking, an inchoate right, a mere expectancy or future interest contingent upon him surviving Rose. Nevertheless, the value of Edward's vested but inchoate right of curtesy can be actuarially calculated as a fractional portion of the value of the property as determined by the jury. Mulligan, 171 S.W. at 422.
It makes no difference to our analysis if the failure to join Edward in the appeal was a negligent omission in the notice of appeal drafted by his own attorney, or if it was Edward's conscious choice to abstain from the appeal. Most likely it is the former; but, in either case, his right to appeal was waived by his omission from the notice of appeal and he is bound by the verdict from which he did not appeal. Since the Commonwealth also did not appeal, the value of Edward's interest must be determined based upon the jury verdict, independently of the value used to calculate the other shares. But, the fact that Edward is bound to the trial judgment does not mean the other parties are also bound.
In short, Edward occupies the same position as the Lyonses and the Wrights in Riley . His absence from the appeal affects only his own compensation, and since he lost his right to contest the adequacy of the award, the appellate outcome for the other owners has no effect on him. As noted in Riley , that outcome is no different than it would be if Edward had settled with the Commonwealth prior to the trial or prior to the verdict. Any action by the Court of Appeals, in granting or not granting a new trial to Appellants, can have no effect on Edward.
Where the Commonwealth's power to take a piece of property is not challenged, and the only issue in the condemnation action is the determination of the before-taking and after-taking values of the property, the absence of a party who, by inadvertence or design, failed to appeal the verdict does not justify a dismissal of the appeal because the unnamed party is not indispensable. His interest was fixed by application of the valuation established by the verdict. To the extent that the outcome of the appeal would produce a different result, Edward waived it by failing to appeal.
It should be obvious that our conclusion in this case, insofar as dower and curtesy interests are concerned, does not extend to situations in which the appellate issues include a challenge to the Commonwealth's right to take the property. Also, it would not apply when the condemning authority appeals from the verdict challenging the valuation applicable to every fractional interest. In those situations, the interests of each fractional share owner could be affected by the outcome of the appeal. Because that is not the situation before us, we defer our review of indispensability of such parties for another day.
III. CONCLUSION
For the foregoing reasons, the decision of the Court of Appeals is reversed, and the case is remanded for a review of the appeal on the merits.
Minton, C.J.,: Cunningham, Hughes, Keller, and VanMeter, JJ., concur. Wright, J., not sitting.

Individually Appellants are William Robert Hagan, James S. Hagan, Delberta A. Hagan, Raymond Dobson, Betty Jane Hagan Dobson, John W. Hagan, Loretta H. Hagan, Larry L. Hagan, Catherine K. Hagan, Rose Mary Gravell, and Lilia Hagan.

Kentucky Constitution, Section 13 : "[No] man's property [shall] be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him."

Apparently, because the ultimate acquisition price has not yet been resolved by a final judgment, the Commonwealth opted not to immediately accept a commissioner's deed formally transferring ownership of the property, although we do not know whether that circumstance continues. In any event, it is immaterial to this appeal.

These procedural changes are immaterial to our review. The procedural stages of a condemnation action that exist in our present procedure also existed at that time; they just occurred in the forum conforming to the pre-1976 court structure.