RENDERED:  JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0103-MR

MATTHEW MURPHY AND                                                    APPELLANTS
ALLISON MURPHY

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
ACTION NO. 17-CI-001363

SANDRA LARUE                                                              APPELLEE

OPINION
DISMISSING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  In this will contest case, siblings Matthew Murphy and Allison

Murphy appeal the December 21, 2018, summary judgment of the Jefferson Circuit

Court entered in favor of Sandra LaRue.  After our review, we are compelled to

dismiss the appeal for failure to name indispensable parties in the notice of appeal.

The Murphys filed a verified complaint on March 16, 2017, in

Jefferson Circuit Court seeking to set aside the last will and testament of Lorraine

Murphy, their mother, on their arguments that it was the product of undue influence and fraud and that Lorraine lacked capacity to make the will. The contested will was executed at Lorraine's home on September 23, 2016, naming LaRue (Lorraine's neighbor, friend, and caregiver) the executrix and primary beneficiary of the estate. The Murphys, Lorraine's only children (both of whom had become essentially estranged from her), were not provided for under the terms of the contested will. The Murphys claimed that they should inherit the entirety of their mother's estate in equal shares pursuant to the terms of her earlier will, which was executed on December 15, 1994.

On April 3, 2017, LaRue filed a motion to dismiss without prejudice. In the alternative, she requested that the Murphys provide a more definite statement with respect to their allegation of fraud. In her motion, LaRue observed that the complaint failed to identify two other beneficiaries. Under the provisions of the contested will, Lisa Nall and Cindy Googe were also to share in the decedent's estate. However, they had not been named as defendants in the civil action. LaRue contended that they were indispensable to a proper resolution of the dispute.

At the trial court's hearing on the motions, the Murphys' counsel agreed to amend the complaint to include specific allegations concerning the alleged fraud. With respect to Nall and Googe, counsel indicated that they had not

been located. LaRue's counsel argued that they needed to be served before the proceedings could continue. In its order entered on April 10, 2017, the court granted the oral motion to amend and ordered that all beneficiaries be included in the proceedings and that they be served with process.

On April 26, 2017, the Murphys filed an amended complaint. Nall and Googe were now named as additional defendants. Another beneficiary, Eric Carter, was also mentioned in the body of the complaint. The allegations of the complaint indicated that the additional defendants had been added as "indispensable parties due to their interest in the estate under the 2016 will."

On May 16, 2017, LaRue filed a motion to dismiss the amended complaint and, in the alternative, a motion to enforce the court's order of April 10, 2017. In her motion, LaRue indicated that Carter had not been properly named as a party-defendant in the action and that no attempt had been made to serve him. Additionally, LaRue observed that no attempt had been made to serve Nall. She objected to an allegation in the complaint indicating that "the Plaintiff's [sic] are unaware of any claims against" the additional defendants. Finally, LaRue contended that the amended complaint failed to provide more specific allegations concerning the fraud claim.

In their response, the Murphys agreed that Carter had been omitted from the style of the case and proposed to correct the "clerical error." They

affirmed that the paragraph included in the amended complaint to which LaRue objected "means what it says:  the additional defendants are named based upon their interest in a voidable will rather than on the basis of their conduct."  Finally, the Murphys argued that their allegations concerning LaRue's fraud were specific enough to identify her objectionable conduct.

At a hearing on May 22, 2017, LaRue suggested that the Murphys had not attempted to serve Nall because she was providing information to them and that Nall was unaware that she would lose her share of the estate if the Murphys prevailed.  LaRue alleged that the proceedings could not continue without the participation of the new defendants and that a warning order attorney could be appointed as a last resort.  The Murphys represented that they were trying to serve process upon the newly added defendants.  The trial court repeatedly emphasized that the proceedings could not continue without the new defendants.  The Murphys' counsel appeared to agree.  The court denied the motion to dismiss.

The Murphys filed a corrected amended complaint on July 27, 2017. Summons was issued for Googe, and she was served on August 1, 2017. Summons was issued for Carter, and he was served on August 3, 2017.  The Murphys provided no address for Nall.  She had not been served by August 10 when the Murphys filed a motion for a special bailiff to effect service; that motion was granted.

On March 22, 2018, LaRue answered and denied the substantive allegations of the Murphys' corrected amended complaint. On July 30, 2018, she filed a motion for summary judgment. The motion was supported with affidavits and a video of Lorraine's execution of the contested will. LaRue argued that she was entitled to judgment as a matter of law because the Murphys had presented no evidence to show that Lorraine lacked capacity to make a will in September 2016 or that she had acted under LaRue's undue influence.

The Murphys responded. They argued that the provisions of the contested will did not reflect their mother's judgment. Instead, they continued to argue that LaRue's inappropriate influence had overcome their mother's free will so that she did not dispose of her estate in the manner that she wished. They cited several "badges of undue influence" and attached affidavits and copies of medical records reflecting the medications that had been prescribed to Lorraine.

Following its hearing conducted on December 10, 2018, the trial court granted LaRue's motion for summary judgment. This appeal followed.

In their notice of appeal, the Murphys indicate that LaRue is the only appellee. They refer to Googe, Nall, and Carter in the body of the notice of appeal indicating that these additional defendants "were named in the suit by virtue of being interested parties under the contested will." The Murphys explained that

they had "not asserted any claims against the additional defendants and none of the additional defendants have [*sic*] appeared in this case."

On appeal, the Murphys argue that the trial court erred by granting the motion for summary judgment. They contend that the trial court erred in: determining that there was no dispute concerning the material facts; making findings reserved to the jury; and applying an incorrect standard in its analysis of undue influence. LaRue disputes these contentions, but she also argues that the appeal must be dismissed because the Murphys failed to join Lisa Nall, an indispensable party to the action. The Murphys filed no reply.

In *Kesler v. Shehan*, 934 S.W.2d 254 (Ky. 1996), the Supreme Court of Kentucky referred to a series of early cases holding that **all beneficiaries of a will are necessary parties in a will contest**. The court observed that its decision in *West v. Goldstein*, 830 S.W.2d 379 (Ky. 1992), modified -- but did not specifically overrule -- these early cases.

In *West,* our Supreme Court held that the failure of the plaintiff to join all beneficiaries under the will to the will contest action was not fatally defective to the proceedings. The Court reasoned that the unnamed beneficiaries were not necessary parties in *West* because the plaintiffs had waived their right to contest distributions to these beneficiaries. Additionally, the specific bequests in the contested will amounted to less than the bequests that the beneficiaries would

-6-

receive under the will that the plaintiffs supported.  Thus, they could suffer no detriment if the contested will prevailed.  The Court decided that the unnamed beneficiaries were not necessary parties to the action since they no longer had an interest in the litigation.  However, the exception discussed in *West* does not apply to the case before us since the beneficiaries included in the amended complaint continue to retain an interest in the 2016 will.  Consequently, all of them were necessary to the circuit court proceedings.

In *Kesler,* the Supreme Court of Kentucky also referred to *Land v. Salem Bank*, 279 Ky. 449, 130 S.W.2d 818 (1939), which held that for purposes of appeal, one is an indispensible party if her participation would be necessary to additional proceedings in the circuit court if the judgment were reversed.  If the beneficiary omitted by the Murphys would be a necessary party in the event of a reversal of the judgment on appeal, she is indispensible to the appeal.

As we have noted, the exception recognized in *West*, *supra*, does not apply in this case since Lisa Nall, whom the Murphys omitted, retains an interest in the decedent's estate under the provisions of the 2016 will.  There is no indication that the Murphys have acquiesced in her receipt of any benefit under the challenged will.  Furthermore, the omitted party would be necessary to the additional proceedings that would result from our reversal of the trial court's summary judgment.

CR[1] 73.03 sets forth in mandatory terms that **all** appellants and **all** appellees must be named in the Notice of Appeal. It emphasizes specificity, noting parenthetically that "*et, al.*" and "*etc.*" "are not proper designation of paries." The naming of all necessary parties is a jurisdictional requirement, and failure to comply by omitting an indispensable party is a fatal defect. *City of Devandale v. Stallings,* 795 SW.2d 954, 954 (Ky. 1990), unequivocally announced that this failure cannot be cured by invoking any rule of substantial compliance (such as the filing of an amended complaint) and that dismissal of an appeal so flawed is required.

We are compelled to conclude that the Murphys' appeal is fatally defective because they failed both to join Lisa Nall to the proceedings below and to include the remaining beneficiaries as appellees in their notice of appeal.

Based upon the foregoing, the appeal is hereby dismissed, and a separate order dismissing will be entered on this date.

LAMBERT, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

---

[1] Kentucky Rules of Civil Procedure.

BRIEF FOR APPELLANTS:        BRIEF FOR APPELLEE:

Cole T. Tomlinson              J. Key Schoen
Shelbyville, Kentucky        Louisville, Kentucky